Clewis vs. Hartman.

---

## CLEWIS vs. HARTMAN.

[Hall, Justice, being disqualified in this case, Judge Fort, of the Southwestern Circuit, presided in his stead.]

1. Where to an action of ejectment, it was sought to set up, by equitable plea, a claim for improvements, a general allegation that the defendant had placed valuable improvements on the land, of a value named, was not sufficient, without stating their character. It should have been stated whether or not the improvements were necessary, substantial or permanent, and whether they added to the value of the land or benefited the owner.

(a.) A more general allegation that the defendant had paid out a certain amount as taxes on the land was insufficient.

(*b*.) A plaintiff in ejectment having abandoned all claim for *mesne* profits, a plea setting up that defendant had erected improvements and paid taxes, was not good as a plea of set-off. Whether, with proper pleadings, relief could be had on account of substantial and permanent improvements, increasing the value of the land, is not decided.[*]

2. Where a plaintiff in ejectment claimed title under one M. L. Shealy, and defendant sought to show title out of him, and 'or that purpose offered in evidence a deed from the sheriff and a tax *fi. fa* , on which it was based, issued against G. W. Collins, as agent of L. N. Shealy, without any reference to the land in dispute, and tax returns showing that Collins returned for L. N. Shealy certain lots other than that in controversy:

*Held*, that such evidence was properly excluded.

(*a*.) This case differs from the cases in 46 *Ga.*, 412; 51 *Id*. 454.

December 21, 1883

Pleadings. Betterments. Set-off. Improvements. Evidence. Before Judge PATE. Dooly Superior Court. March Term, 1883.

Reported in the decision.

G. W. BUSBEE; GUSTIN & HALL, for plaintiff in error.

J. B. HOLMES; HAWKINS & HAWKINS, for defendant.

FORT, Judge.

This was an action of ejectment, brought in Dooly superior court, for the recovery of lot of land number 76, in the second district of said county, by Sarah C. Hartman against J. L. Clewis. The plaintiff, in her declaration, claimed *mesne* profits, but after the introduction of evidence, abandoned her claim therefor. The defendant pleaded the general issue and title by prescription under color. During the progress of the trial, the defendant offered the following amendment to his plea, viz:

"By way of amendment, says that, at the time he entered into possession of said premises, the same was an unimproved tract of land; and was not worth anything for rent; that since he so went into pos-

---

[*] See *Dean, ex'r, vs. Feely et al.*, 69 *Ga.*, 804.

y 71-52

session of the same, he has placed valuable improvements upon the same, of the value of one thousand dollars over and above any rents that might have become due, and that he has paid out large sums for taxes upon said lands, to-wit: the sum of five hundred dollars; that at the time defendant entered into possession of said property, he did so in good faith, believing that he had a valid title to the same, and that he made said improvements under the same impression, and if the title by which defendant holds said land should prove to be invalid, then he prays that said amount, so paid out as aforesaid, may be allowed him, and that he may have a judgment for the same, which may be set up as a first lien upon the premises; and of this he puts himself upon the country."

The court, upon demurrer, disallowed the amendment, and this is one of the principal rulings complained of.

The plaintiff introduced in evidence a deed from Ezekiel Adams to M. L. Shealy, as trustee for his wife, dated July 24, 1861, conveying the premises in dispute to said M. L. Shealy, in trust for his wife (mother of the plaintiff), during her life, remainder to plaintiff, Sarah C. Hartman, *nee* Shealy. There were certain conditions in the deed not necessary to be fully set out. It was shown that Mrs. M. L. Shealy, the life tenant, died 13 or 15 years previous to the institution of the suit, and that plaintiff had attained her majority a short while before bringing the suit. It was admitted that, at the time that Ezekiel Adams made said deed, he had a perfect title to the land. The plaintiff here closed.

Defendant then offered in evidence a deed from W L. Graham, sheriff of Dooly county, to J. W. Cross, to the premises in dispute; also a tax *fi. fa.* for the year 1872, against G. W. Collins, agent for L. N. Shealy, commanding the sale of "the lands, tenements and personal property" of G. W. Collins, as agent of L. N. Shealy, "to make the sum of $15.50, it being the amount of the tax assessed." Indorsed upon this *fi. fa.* was a levy on lot No. 76, in 2d district of Dooly county, "as the property of L. N. Shealy, for child;" also, a return of the sale of the land to J. W. Cross, and the following receipt:

"Received of W. L. Graham, sheriff, $17.60, as the amount over and above, and the proceeds of sale of lot of land in the 2nd Dooly county, No. 76, said land sold to pay taxes, and taxes, including costs, amounting to $58.40. . M. L. SHEALY, guardian, . VICTORIA SHEALY."

In same connection, he also offered a deed from J. W. Cross to himself, and the tax returns of Dooly county for the year 1872, showing, as a basis for the tax _fi. fa._, that G. W. Collins, as agent of L. N. Shealy, returned lots of land Nos. 53 and 75, in 2d district of Dooly county, con-taining five hundred acres, more or less. This evidence was offered to show legal title in defendant, and not as color to support his plea of prescription.

The plaintiff objecting, the court excluded all this evidence for the purpose offered, and this ruling is complained of. The jury, under the charge of the court, found for the plaintiff, and defendant moved for a new trial, on the various grounds set out in the record, including the aforesaid rulings. The court refused the new trial on all the grounds taken, and defendant excepted. The only grounds of said motion, insisted on in this court, were the disallowance of the proposed amendment and the exclusion of the evidence aforesaid. So it is unnecessary to consider the other assignments of error.

1. We see no error in the ruling of the court, disallowing defendant's amendment to his plea. The amendment does not state the nature and character of the improvements. They are simply denominated " valuable improvements. " Were they necessary, substantial or permanent, or were they unnecessary and temporary? Did they enhance the value of the land? Was the plaintiff in anywise benefited thereby? On these points the plea is entirely silent. Nor does the plea sufficiently set forth his claim for taxes paid. It is not charged that the plaintiff is insolvent, and no equitable reason shown to authorize the judgment prayed for in the amendment. The plaintiff, having abandoned all claim for _mesne_ profits, the amendment was bad as a plea of set-off. We think the court did right to refuse the

amendment. Whether, in a proper case made with suitable pleadings, the defendants could get relief for substantial and permanent improvements made upon land, whereby its value was enhanced, is not decided; the defendant, by his proposed amendment, having failed to present such a case, we are not called upon to determine that question.

2. Was the evidence offered admissible to show legal title in the defendant? Clearly not. The tax *fi. fa.* was against G. W. Collins, as agent for L. N. Shealy, and no reference was made therein to the land in dispute. Indeed, it appears from the tax returns, that neither Collins nor Shealy gave in lot Number 76 for taxation, nor does it appear that either was in possession of the same during the year 1872, that being the year for which the taxes were assessed and the *fi. fa.* issued. There is nothing in the tax *fi. fa.* showing that it was issued for the taxes due on the land. Where property is unreturned, there is an appropriate way to sell the same for its taxes. See Code, §855. That method was not adopted in this case. The evidence offered showed clearly that the tax *fi. fa.* aforesaid had no lien on the land, and it follows that a pretended sale thereunder could not divest the title of the plaintiff, nor could it establish legal title in the defendant. Cross, having acquired no title under the tax sale, could not convey a valid title to defendant.

The cases in 46 *Ga.*, 412, and 51 *Ib.*, 454, do not conflict with the views herein expressed. In 46 *Ga.*, the tax execution was issued substantially against the property, it being described in said *fi. fa.* as the "Bryan plantation," and issued against Hunt and Bryan for taxes due thereon. In 51 *Ga.*, the *fi. fa.* was issued against Williams, agent for estate of Enoch Johnson. Enoch Johnson died in Louisiana, and his estate had not been administered on in this state. Williams was in possession, and the *fi. fa.* was issued for taxes assessed on a return of the property sold. The property was clearly liable in that case, under §857 of the Code.

We find no error in the rulings of the court below, and the verdict was demanded by the evidence. The new trial was therefore properly refused.

Judgment affirmed.