HAMMOCK *v.* KEMP, administrator.

The basis of the offered amendment to the answer being the same as that upon which the original answer was founded, and which had been previously decided against the defendant, it was not error to disallow the amendment.

No. 970. JANUARY 15, 1919.

Complaint for land. Before John R. L. Smith, judge pro hac vice. Houston superior court. April 12, 1918.

*L. D. Moore, J. B. Jackson,* and *A. C. Riley,* for plaintiff in error.

*Hardeman, Jones, Park & Johnston, Harry S. Strozier, Richard Curd,* and *C. L. Shepard,* contra.

FISH, C. J.  This was a suit for land and mesne profits by an administrator.  Defendant pleaded, that plaintiff's intestate, who was defendant's grandfather, made to defendant a parol gift of the land, and that. defendant in good faith took possession of the land under such gift, which "was coupled with a charge upon defendant of taking care of the wife of the grantor, who was the grandmother of defendant, for and during her life;" that defendant in good faith undertook to cultivate and improve the land and to support his grandmother, and to care for his grandfather, during their lives, "which undertakings he faithfully performed; that in good faith he accepted said land with the charge as aforesaid, went into possession of the same at once," and made valuable improvements thereon, of the value of $2,000 or other large sum, all of which he put upon said place in good faith, claiming the land as his own under the aforesaid gift of his grandfather." Under these averments the defendant claimed that the absolute title to the land vested in him, and that the estate of the plaintiff's intestate had no right or title to the same.  By amendment defendant pleaded that the heirs at law of the intestate knew that defendant "was constantly making valuable improvements upon said property, and that he was making said improvements in good faith in consideration of the fact that the property had been given him by" said intestate, and that defendant "regarded the property as his own, and made the improvements upon the faith of his ownership;" and therefore that the heirs were estopped from asserting any claim or interest to the property as against defendant, and that the plaintiff was not entitled to recover.

On the first trial there was a verdict for the defendant, which was set aside by the trial judge on the plaintiff's motion for a new trial.  That judgment was affirmed by this court.  *Hammock* v. *Kemp,* 142 *Ga.* 266 (82 S. E. 663).  On the second trial there was again a verdict for defendant, which was set aside by this court upon error in instructions of the court to the jury.  *Kemp* v. *Hammock,* 144 *Ga.* 717 (87 S. E. 1030).  On the third trial a verdict was directed. for the plaintiff for the land and a certain sum as mesne profits.  This court affirmed the direction of the verdict as to the recovery of the land, but reversed it as to the. mesne profits, the decision being as follows:  "This was an action of complaint for land and mesne profits, instituted by an adminis-

trator. The defendant denied the alleged value of the mesne profits, and set up title to the land under a parol gift and sale of the land by the plaintiff's intestate. *Held:* 1. The evidence was insufficient to establish a gift or sale of the land by the intestate, as alleged by the defendant; and there was no error in directing a verdict for the plaintiff for recovery of the land. If certain evidence which was excluded by the court had been admitted, it would have been insufficient to have changed the result. 2. Opinion evidence as to the value of mesne profits does not authorize direction of a verdict for mesne profits. 3. While the judgment will be reversed, it is directed that on another trial the issue be limited to mesne profits." *Hammock* v. *Kemp,* 146 *Ga.* 681 (92 S. E. 57). When the fourth trial came on, wherein the sole issue was as to mesne profits, the defendant offered an amendment to his answer as it had stood on the former trial, the obvious purpose of which amendment was to obtain the benefit of a set-off for permanent improvements, under the Civil Code, § 5587, which provides as follows: "In all cases where an action has been brought for the recovery of land, the defendant who has bona fide possession of such land under adverse claim of title may set off the value of all permanent improvements bona fide placed thereon by himself or other bona fide claimants under whom he claims; and in case the legal title to the land is found to be in the plaintiff, if the value of such improvements at the time of the trial exceeds the mesne profits, the jury may render a verdict in favor of the plaintiff for the land and in favor of the defendant for the amount of the excess of the value of the improvements over the mesne profits." The amendment in part alleged, "that before his grandfather's death he had turned over to this defendant the lands, the subject-matter of this suit, for and in consideration of defendant's undertaking to support both his grandfather and grandmother for and during their natural lives. Defendant shows that he took charge of said lands under said agreement, in good faith, believing that said lands belonged to him, and believing if he kept his agreement that he would have a good title thereto; and defendant shows that he did perform all the undertakings and obligations assumed by him under and by virtue of said agreement with his grandfather, that said land was his, and that the price which he was paying for the same was the attention, care, and support of his grand-

father and grandmother during their natural lives. . . Defendant having entered into possession of said land as above set forth, in good faith, believing the same belonged to him," made large, expensive, and permanent improvements thereon,—setting them forth, alleging their value to be in excess of the value of the land, praying that the value of such improvements be set off against the claim for mesne profits, and asking a judgment for the excess of such improvements over mesne profits. An itemized statement of the improvements made and their value was attached to the offered amendment, which was practically the same statement of improvements with their valuation as was attached to the original answer as previously amended. This last amendment was allowed filed subject to demurrer. It was subsequently demurred to on numerous grounds, one of which was to the effect that it set up no valid defense as to the issue on trial, and that the matter sought to be pleaded therein had been adjudicated against the defendant on the last trial of this case. All of the demurrers were sustained, and the amendment was disallowed and dismissed. Defendant excepted.

As it is manifest that the basis of the adverse claim of title upon which defendant rested his alleged bona fide possession of the land, in his effort, under the amendment, to set off the value of permanent improvements claimed to have been made thereon, was the identical parol gift upon condition of the defendant's supporting his grandfather and grandmother during their natural lives, and improvements made while bona fide in possession under such gift, which he had originally pleaded as a defense, and which had been decided against him in the third trial, the conclusion is inevitable that he was precluded from again setting up the same matter for the purpose of showing that he bona fide held possession of the land sued for under adverse claim of title, and to set off the value of the permanent improvements bona fide placed thereon by him.            *Judgment affirmed. All the Justices concur.*