### COPELIN *v.* WILLIAMS *et al.* .

ATKINSON, J. The plaintiffs as heirs of Mollie Mattox, deceased, in-stituted an action at law against Ida Copelin, to recover an undivided interest in a described portion of a certain tract of land with mesne profits, and one half of the proceeds of the remaining portion of the tract, which was alleged to have been sold by the defendant in her own name under an agreement with the purchaser that she would account to plaintiffs for their interests in the purchase-price. A verdict was returned in favor of the plaintiffs. The defendant made a motion for new trial, which having been overruled, she excepted. *Held:*

1. Where one person without lawful authority sells and conveys as his own the land of another person and receives the consideration paid therefor, such pretended sale and conveyance will not operate to di-vest the title of the owner, nor will the purchaser derive any title; and the owner can not maintain an action against the vendor for the whole or any part of the purchase-price received by him. *Crews* v. *Heard*, 7 *Ga*. 60; 21 R. C. L. 923.

(a) The principle above announced does not conflict with another well-recognized principle applicable where personalty is tortiously converted into money, as stated in *Merchants' Bank of Macon* v. *Rawls*, 7 *Ga.* 191 (2), 197 (50 Am. D. 394) and now embodied in the Civil Code, § 4407, which provides: "When a transaction partakes of the na-ture both of a tort and a contract, the party complainant may waive the one and rely solely upon the other."

2. A deed absolute in form will ordinarily transfer the title of the grantor to the land, but if the grantor remains in possession it may be shown by parol that the deed was made to secure a debt. Where such a deed is made to secure a debt, the legal title will vest in the grantee and the equitable title, or right to have the property recon-veyed on payment of the debt, will remain in the grantor. Civil Code, § 3258; *Waller* v. *Dunn*, 151 *Ga*. 181 (106 S. E. 93).

3. If the grantee sells and conveys the property to a third person, who takes without notice of the outstanding equity, the purchaser, as against the original grantor or his heirs at law, will acquire the legal title unaffected by such equity. If the purchaser takes with notice of such equity, he will take subject to it.

4. Where an owner conveys land by a deed absolute in form, and the heirs of the grantor seek in an action at law to recover the land from a purchaser of the grantee on the basis of an equitable title arising under circumstances specified above, it being necessary that they

should have had title at the commencement of the suit and that the purchaser should have bought with notice of such title, the burden would rest upon the plaintiffs to prove that the deed so executed by plaintiffs' ancestor was effective only as security for a debt, that the debt had been paid or tendered before institution of the suit, and that the defendant purchased with notice of plaintiffs' equity.

5. No question was made as to the sufficiency of the pleadings for application of the principles stated above to the evidence in the case.

6. The charge of the court, as complained of in the motion for new trial, did not accurately apply the principles of law ruled above; nor was the request to charge, though substantially correct, expressed in language entirely accurate and apposite.

7. As the case will go back for another trial, no ruling will be made on the sufficiency of the evidence to support the verdict.

*Judgment reversed. All the Justices concur.*

No. 2531.   FEBRUARY 17, 1922.

Complaint for land.   Before Judge Malcolm D. Jones.   Bibb superior court.   February 15, 1921.

*John R. L. Smith* and *Grady C. Harris,* for plaintiff in error.