## WILEY *et al.* v. MARTIN.

PER CURIAM. 1. The acts of J. W. Wiley in purchasing the land and accepting the deed from the plaintiff were admissions of title in plaintiff. So also was the act of J. W. Wiley in executing the security deed to the plaintiff. While the debt was unpaid Wiley was estopped to deny the plaintiff's title as security; and the debt being overdue, the security deed alone would be sufficient to support the plaintiff's action of ejectment. The above is application of well-recognized principles of law that have been many times applied in this court. So the judge did not err in directing the verdict against J. W. Wiley.

2. A different case is presented relatively to the defendant "Mrs. J. W. Wiley." This defendant was not a purchaser from the plaintiff, nor had she received a deed from him, nor had she executed a security deed to him, nor did the uncontradicted evidence show that she in any manner claimed title or possession under him. This defendant and the plaintiff claimed under Rosa Stringer, a common propositus. The question is, which of them had the better claim of title from Rosa Stringer? The defendant offered in evidence a tax execution against Rosa Stringer, an entry thereon of a levy on the land in dispute as property of the defendant in fi. fa., and a duly recorded sheriff's deed to Mrs. J. W. Wiley, made in pursuance of a sale under the said execution and levy. This evidence was excluded on objection that it was "irrelevant and immaterial, no title or possession having been shown in the defendant in fi. fa." No point was made as to excessiveness of the levy, or that the tax sale was void for any other cause. In view of the registry laws as embodied in the Civil Code, §§ 4198 and 3320, requiring record of deeds to land and declaring the effect of record as it relates to rivalry between deeds conveying the same land from one person to different grantees, the evidence was material as tending to show that this defendant had a better claim of title from Rosa Stringer than the plaintiff's claim, which was not supported by a deed or proof of a contract of

---

Ejectment, 19 C. J. p. 1036, n. 38; p. 1160, n. 40; p. 1172, n. 1, 9, 10; p. 1174, n. 61.

Evidence, 22 C. J. p. 1007, n. 75 New.

Taxation, 37 Cyc. p. 1320, n. 73.

purchase or payment of the purchase-price in connection with actual possession. The error in rejecting this evidence is sufficient to require the grant of a new trial relatively to this defendant. It is unnecessary to rule upon the insistence that where a person owns land and fails to return it for taxes, and some other person returns it in his own name, and the land is levied upon for the taxes of such other person and sold as his property, such sale would divest the title of the true owner who was delinquent in making his tax return. But it seems that such insistence is wholly untenable. Where the owner of land fails to return it for taxation, there is provision of law for assessing it for him; and if the owner be not known, there is provision for assessing it as unreturned property (Civil Code, §§ 1105, 1106), and also provision for collecting the taxes on it. Civil Code, §§ 1151, 1167, 6026, 6031, 6032. But where the owner fails to return the land, there is no provision of law whereby his title can be divested by levy and sale as the property of another person under a tax execution issued against such other person. To take land from its owner under such levy and sale, which is not a proceeding in rem or a proceeding in personam against the owner, would deprive him of his property without due process of law.

3. Where relevant, the official tax digest in the office of a receiver of tax returns of a county is admissible as primary evidence for the purpose of showing a return of property for taxation by a property owner; and this being so, such tax digest is admissible without first accounting for the original return filed by the taxpayer. *McCrory* v. *Manes*, 47 *Ga.* 90; *Ivey* v. *Colquitt*, 63 *Ga.* 509; *Clark* v. *Empire Lumber Co.*, 87 *Ga.* 742 (13 S. E. 826); *Southern Railway Co.* v. *Tharp*, 104 *Ga.* 560 (30 S. E. 795); *Western & Atlantic Railroad Co.* v. *Tate*, 129 *Ga.* 526 (4) (59 S. E. 266); *Churchill* v. *Jackson*, 132 *Ga.* 666 (7) (64 S. E. 691, 49 L. R. A. (N. S.) 875, Ann. Cas. 1913E, 1203); *Johnson* v. *American National Life Insurance Co.*, 134 *Ga.* 800 (4) (68 S. E. 731).

4. The uncontradicted evidence in this case did not demand a finding that Rosa Stringer, the common propositus, had conveyed the land, or that she was not in possession of the land at the time of the tax returns referred to in the next succeeding note.

5. This defendant offered in evidence the tax digests of Early County for the years 1914 to 1922 inclusive, which showed returns for taxation by Rosa Stringer of 33 acres in land lot 376 in the 26th district. The returns did not more specifically describe the land. The land in dispute was described as 26-½ acres in the same land lot and district. The evidence was rejected upon the objections urged by the plaintiff, (a) that the evidence was "offered without first accounting for the original return;" (b) that the evidence was "irrelevant and immaterial for the purpose of showing either title or possession" in Rosa Stringer; (c) that it did not appear that the returns "were made by Rosa Stringer or by any one authorized by her to make the same." In connection with the other evidence in the case the evidence was relevant. It was insisted that the returns amounted to no more than declarations of Rosa Stringer after she had conveyed her title and yielded her possession; but this contention is not borne out by the record, because, as indicated above, there was an issue of fact as to whether she had conveyed her title and yielded her possession. There was no evidence that

the land referred to in the tax digest was the same land as that in dispute. Without such evidence the tax digest was inadmissible. It was erroneous to overrule the motion for new trial, as related to this defendant. *Judgment reversed. All the Justices concur.*

No. 5341. DECEMBER 21, 1926.

Ejectment. Before Judge Yeomans. Early superior court. January 30, 1926.

On March 16, 1925, an action of ejectment was instituted, in which H. E. Martin was real plaintiff and "J. W. Wiley and Mrs. J. W. Wiley" were the real defendants. At the trial the judge directed a verdict for the plaintiff against both defendants, for recovery of the land without mesne profits. The defendants filed a motion for a new trial, which being overruled, they excepted. At the trial the plaintiff introduced a duly recorded warranty deed from himself to J. W. Wiley, dated October 4, 1922, purporting to convey the land in dispute; also a duly recorded security deed bearing the same date, from J. W. Wiley to the plaintiff, purporting to convey the same land as security for five promissory notes falling due respectively on September 1, 1923, to 1927, inclusive, the deed containing a provision that upon default being made in the payment of any one or more of the notes, all the then outstanding notes should become due and payable. The plaintiff introduced uncontradicted testimony that he went into actual possession of the land in the latter part of 1919 or first of 1920; that he first rented it, paying forty dollars per year rent, and then "bought it from Rosa Stringer the latter part of 1919 or 1920;" that J. W. Wiley did not pay any one of the secured notes; that about ten years before the trial Rosa Stringer was in possession of the land and lived in the house, but moved away, going to another State and leaving the land in charge of an agent. The plaintiff did not introduce a deed from Rosa Stringer, or testify as to the existence of such a deed or to the terms of a contract of purchase, or that he had paid the purchase-price. There was no evidence that the defendants were husband and wife, nor was there any evidence that the defendant "Mrs. J. W. Wiley" was ever in possession of the land.

*W. L. Stone* and *C. L. Glessner,* for plaintiffs in error.

*A. H. Gray,* contra.

BECK, P. J., and HINES, J. While concurring in the result reached by the majority, we dissent from the following portion of

the opinion of the majority, to wit: "But where the owner fails to return the land, there is no provision of law whereby his title can be divested by levy and sale as the property of another person under a tax execution issued against such other person. To take land from its owner under such levy and sale, which is not a proceeding in rem or a proceeding in personam against the owner, would deprive him of his property without due process of law." Where the owner of land fails to return the same for taxation, but the same is returned by another, and where the tax on such land is neither paid by the person who returns it nor by the person claiming to be the true owner, a sale of such land under the levy of a tax fi. fa. issued against the person so returning the same for the taxes thereon is valid, and passes good title to the purchaser, if the same is free from fraud and is otherwise unobjectionable, although the defendant in the tax fi. fa. was not in possession of the land at the time said return was made, or at the time the tax fi. fa. was levied. As a general rule, no property can be sold under a tax execution in personam as the property of the defendant therein, when the defendant neither has title nor possession, nor any right to represent the person who has it. *Clewis* v. *Hartman,* 71 *Ga.* 810; *Burns* v. *Lewis,* 86 *Ga.* 591 (13 S. E. 123); *McLeod* v. *Brooks Lumber Co.,* 98 *Ga.* 253 (26 S. E. 745). But to this general rule there is an exception. If the true owner of property fails to return the same for taxation, and the same is returned by another, the State and county are entitled to the taxes thereon; and if the taxes are not paid by the person who returns the property for taxation, nor by the legal owner thereof, the tax-collector, finding the property on the tax-receiver's digest, has the right, and it is his duty, to issue an execution against the person who returned the same, have the same levied, and the property sold to pay the taxes due thereon. All property in this State, unless expressly exempted by the laws thereof, or by the laws of the United States, is subject to taxation, and must pay its pro rata part of the tax for the support of the government, in whosesoever hands it may be, or whoever may return the same for taxation. It is not incumbent upon the State and county to investigate the legal title to property before assessing the same. The only duty of the tax-receiver of the State and county in regard to this matter is to see that all property, not exempted as above set out, is returned by some one. If it is not returned by the legal owners, but is re-

turned by another, the State and county are entitled to taxes thereon; and if the taxes are not paid by the person who returns the property for taxation, nor by the true owner thereof, the tax-collector, finding the return of the property on the receiver's digest, has the right, indeed it is his duty, to issue execution against the person who returned the same and have it levied thereon. *State* v. *Hancock,* 79 *Ga.* 799 (5 S. E. 248); *Barnes* v. *Lewis,* 98 *Ga.* 558 (25 S. E. 589); *Dawson* v. *Dawson,* 106 *Ga.* 45 (32 S. E. 29). And the purchaser at such sale, if the sale is otherwise unobjectionable and free from fraud, will acquire good title to the land as against the true owner thereof.