NELSON, trustee, *et al.* v. BROWN *et al.*

No. 8475.   JANUARY 14, 1932.

152

*N. L. Stapleton,* for plaintiff.

*W. V. Custer & Son,* and *R. L. Cox,* for defendant.

RUSSELL, C. J. (After stating the foregoing facts.) This is a case with several very peculiar features. When we come to analyze the character of this case by an inspection of its countenance as a whole, instead of discussing the specific features, there was really one controlling question presented to the court below. That was, whether the house and lot of a woman who happens to be a wife, whose ownership of the realty sought to be recovered in this suit in ejectment is not only unquestioned but admitted, can be subjected to the tax liability of a corporation with whom she never at any time had any transaction of any character, merely because her husband orally agreed to pay taxes of the plaintiff in ejectment upon a very large body of farm land, and in complying with this agreement returned in his own name, and not in his wife's name, the property sought to be recovered. It is admitted that the defendant, Mrs. Brown, had unqualified title to this house and lot, and possession thereof, at the time the return for taxes was made, at the time that the fi. fa. under which the plaintiff in ejectment claims title was issued, and for many years prior to either of these events. There is no evidence or suggestion that the defendant derived title from her husband, or that he ever at any time had any interest in the title of his wife. At none of the times to which we

have referred did the husband of this woman sustain any fiduciary relationship to the defendant in ejectment. It is true that after the case was called for trial, upon motion of the plaintiff that a guardian ad litem be appointed, and the court having determined in favor of this motion, the husband consented to act as guardian ad litem, at the same time entering a disclaimer for himself as a codefendant in the suit. This was an admission which solved any possible doubt as to the fact that whatever occupancy of the premises had been enjoyed by the husband was not under any claim of right of his own, but was merely permissive and arose only from his relationship as the husband of the woman who was entitled to possession by virtue of her title. The proceeding is not a claim case. In that event, the burden of proof would be upon Mrs. Brown to establish her title to whatever she might have claimed, whether realty or personalty. This is not a case in which the defendant had come into court with a petition asking that the deed executed to the plaintiff, the Chickamauga Trust Co., be canceled, with perhaps a prayer for injunctive or other relief. In such circumstances the burden would be upon her to establish her contentions by the preponderance of the evidence. And so in this case it was the duty of the plaintiff in ejectment to establish, to the reasonable satisfaction of the court, a right of possession superior to that of the defendant, and based upon title superior to hers. In ejectment a defendant may prevail over one who claims title and the right of possession, though he have no title, by proving an outstanding paramount title in a third person which is superior to that of the plaintiff in ejectment. Hence the well-settled rule that a plaintiff in ejectment must recover upon the strength of his own title, and not upon the weakness of the title of his adversary. Under this rule, the present case is distinguished from the authorities cited by counsel for the plaintiff, In addition, as said in dissenting by Mr. Justice Hines in *Wiley* v. *Martin,* 163 *Ga.* 384 (136 S. E. 151) : "As a general rule, no property can be sold under a tax execution in personam as the property of the defendant therein, when the defendant neither has title nor possession, nor any right to represent the person who has it. *Clewis* v. *Hartman,* 71 *Ga.* 810; *Burns* v. *Lewis,* 86 *Ga.* 591 (13 S. E. 123) ; *McLeod* v. *Brooks Lumber Co.,* 98 *Ga.* 253 (26 S. E. 745)." It is true there are exceptions to this general

rule, as there are generally exceptions to every general rule. However, it is our opinion that the case at bar is governed by the general rule, and is not an exception. The fi. fas. in this case were tax executions in personam on the property of Brown, when the defendant neither had title nor right of possession, nor any right to represent the person who had it. In our opinion the true rule applicable to the undisputed facts in this case is stated in *Wiley* v. *Martin*, supra, where a majority of this court said: "Where the owner of land fails to return it for taxation, there is provision of law for assessing it for him; and if the owner be not known, there is provision for assessing it as unreturned property (Civil Code, §§ 1105, 1106), and also provision for collecting the taxes on it. Civil Code, §§ 1151, 1167, 6026, 6031, 6032. But where the owner fails to return the land, there is no provision of law whereby his title can be divested by levy and sale as the property of another person under a tax execution issued against such other person. To take land from its owner under such levy and sale, which is not a proceeding in rem or a proceeding in personam against the owner, would be to deprive him of his property without due process of law." In our opinion, the foregoing quotation is a correct statement of the law involved in the case now before us, was correctly applied by the trial judge, and should control the judgment of this court. However, if in what has already been said there does not appear sufficient reason for supporting the finding of the trial judge, we are of the opinion that the conclusion he reached should be affirmed. The findings of fact by the judge, sitting in this case by consent of all parties as a jury pro hac vice, where supported by any evidence, are conclusive here. Under this rule, and the rule that a plaintiff in ejectment must show title and right of possession in himself, the court sitting as a jury was authorized to find, and in effect did find, that there should be a verdict and judgment for the defendant, because the plaintiff failed to carry the burden of showing that he was clothed with such title that a finding in favor of the plaintiff in ejectment was demanded, even if the judge, as was his right, preferred to attribute superior credibility to other evidence in the case, either direct or circumstantial.

*Judgment affirmed. All the Justices concur, except Hines, J., who dissents.*

BECK, P. J. I concur in the judgment in this case, though I adhere to the position taken in the dissenting opinion in the case of *Wiley* v. *Martin*, 163 *Ga.* 381 (supra). The record in this case shows that there are additional facts which take it out of the rule insisted upon by Mr. Justice Hines and myself in *Wiley* v. *Martin*.

HINES, J. I dissent upon the rulings made by this court in *State* v. *Hancock*, 79 *Ga.* 799 (5 S. E. 248) ; *Barnes* v. *Lewis*, 98 *Ga.* 558 (25 S. E. 589) ; *Dawson* v. *Dawson*, 106 *Ga.* 45 (32 S. E. 29).