322

EADY *v.* SLATON *et al.*

*No. 10999.* April 15, 1936.

P. M. *Cleveland, Ben Warren,* and *Williams & Freeman,* for plaintiff.

*Beck, Goodrich & Beck,* for defendants.

Per Curiam. Pauline Eady filed her petition against C. W. Slaton and his wife, in which she sought to have title decreed to be in her as to certain described realty upon the payment by her to Slaton of $1400 with interest, less certain sums alleged to have been paid to him upon notes which she delivered to him, the purpose of which is in dispute. She prayed that the equitable title be decreed to be already in her; that Slaton be enjoined from interfering with her alleged equity except by appropriate foreclosure proceedings; that a deed to the said property, executed by Slaton to his wife, be canceled as a cloud upon petitioner's title; that the defendants be enjoined from interfering with her possession of the property, from interfering with the tenants on said property, and from collecting rents from them; and for general relief. Upon the trial it appeared that at the request of the petitioner Slaton had paid $1400 to a third person, taking a quitclaim deed to the property in question; and that he and the petitioner entered into a written agreement, as follows: "I hereby agree to pay C. W. Slaton sixteen hundred ($1600) dollars by May 10th, 1933; and in consideration of this payment being made C. W. Slaton agrees to deed back to her property on 9th and Oak Streets in Griffin, Ga. If I fail to make this payment by the above-named date, the property is to remain in the name of C. W. Slaton, and I will have no further claim on same." This paper was also signed by the plaintiff and by Slaton. The court construed the agreement to be an option in favor of the petitioner to repurchase the property at any

time within six months from its date, upon payment of $1600, and submitted to the jury the question whether or not the petitioner had exercised the right of repurchase by paying to Slaton whatever amount was due, or offered to pay him and he refused to accept the tender, or refused to permit her to discuss the matter with him. The jury found for the defendants. A motion for new trial upon the general grounds and on special grounds was filed. The court overruled the motion, and the petitioner excepted.

■ No rights of innocent parties are involved. The controversy is between the parties to the contract. The petitioner having continued to retain possession, parol evidence is admissible for the purpose of showing that the contract was for a loan, and not an option to repurchase. Retention of possession and payment of a consideration to the defendant requires the above ruling, notwithstanding that the defendant obtained his deed from a third party whose title depended upon a tax deed.

■ Movant complains that the court erred in refusing to permit her to "tell the jury what was the nature and purpose of the transaction" she had "with Mr. Slaton in regard to whether it was a sale, loan, borrow, or whatever it may have been." This ground of the motion is too incomplete to raise any question for decision, in that it does not show what the answer would have been.

■ Movant complains that the court erred in refusing to allow her to introduce in evidence the tax-digest of the county, for the purpose of proving that the property in controversy was returned for taxes for 1933 by her, and not by either of the defendants, and in refusing to allow her to testify as to the contents of said digest, stating to the court that the digest would show, and that petitioner would testify, that she, and not the defendants, had returned the property for taxation for said year. Where *relevant* and *material,* the official tax-digest is admissible. *Wiley* v. *Martin,* 163 *Ga.* 381 (3) (136 S. E. 151). See cases there cited, for circumstances in which, and what is required, to make the tax-digest admissible. See also Code of 1933, § 38-602.

■ Since the case is remanded for another trial, no ruling is made on the sufficiency of the evidence to support the verdict.

*Judgment reversed. All the Justices concur, except Atkinson and Gilbert, JJ., who dissent.*