## OWEN *v.* MILLER.

HAWKINS, Justice. In 1919, W. A. Jones conveyed by a duly recorded deed a tract of land to a partnership composed of C. H. Cates, S. R. Owen, and W. A. Jones. The partnership operated a business on the property until about 1922 or 1923, at which time the partnership ceased business, and W. A. Jones thereafter individually operated a place of business on the lot for several years. From the time the partnership ceased to operate the business, the property was in the possession of Jones, and if any taxes were paid thereon, they were returned ·and paid in the name of Jones. Jones remained in ·possession of the property until April 12, 1939, at which time he conveyed the entire property to E. E. Miller by warranty deed which was recorded on April 19, 1939. Miller, without having the title to the property examined, went into immediate possession and began making valuable, permanent, and expensive improvements thereon as sole owner of the property. These facts were known to Owen, who knew his rights in the premises, and made no objections to the improvements, and did not disclose his right or title in the premises.

Owen first notified Miller that he had an interest in the property two days prior to the expiration of seven years after Miller purchased it from Jones and had been in possession for that length of ·time, and on April 11, 1946, Owen filed suit to recover his interest in the property, which, at the time of the trial, was an undivided ·two-thirds interest, he having acquired the ·interest of Cates during the pendency of the suit.

Miller defended upon the ground that Owen was estopped now to assert title to the undivided interest in the property because, having seen Miller in bona fide possession of the property, making valuable, permanent, and expensive improvements thereon, Owen failed to give notice of his title or assert any claim to the property.

The jury returned a verdict for the defendant, and to the judgment overruling the motion for new trial the plaintiff excepts. *Held:*

1. While it is true that where a tenant in common conveys the whole lot to a third person, and the grantee takes possession, claiming the entire lot as his own, this action constitutes a disseizin and ouster of the other tenants in common, and they are barred from asserting their right to such property after the expiration of seven years (*Broadwater* v. *Parker,* 209 *Ga.* 801, 76 S. E. 2d, 402, and cases there cited); and while there

is such a thing as equitable estoppel applicable to land, and while one who silently stands by and permits another to purchase his property without disclosing his title, and thereafter permits the purchaser who is in adverse possession of the land, not as a tenant in common, but as sole owner, to make valuable, permanent, and expensive improvements thereon without objection, and without asserting his claim or title to an interest in the property, is estopped from thereafter asserting that the sale was void and that he is entitled to an interest in the land (*Warner* v. *Hill*, 153 *Ga.* 510, 515, 518, 112 S. E. 478)—where, as here, there was no standing by on the part of the plaintiff at the time of the sale with knowledge that the sale was taking place, but only silence on his part after knowledge of the sale previously made and of the valuable, permanent, and expensive improvements made thereon by the purchaser, the plaintiff is not estopped to assert his title or claim of interest in the property within seven years from the date of the sale, for "One who has title to land and sees another who is in bona fide possession thereof place valuable improvements thereon, without giving notice of his title, is not thereby subsequently estopped from asserting his title." *Kemp* v. *Hammock*, 144 *Ga.* 717 (4) (87 S. E. 1030); *Georgia Railroad & Bkg. Co.* v. *Hamilton*, 59 *Ga.* 171; Code, §§ 38-115, 38-116. See also *Bennett* v. *Davis*, 201 *Ga.* 58 (39 S. E. 2d, 3).

2. "One who ousts another from the possession of his property must take all the consequences resulting from the application of the appropriate remedy given by the law to restore to the owner that of which he has been deprived." *Wachstein* v. *Christopher*, 128 *Ga.* 229, 232 (57 S. E. 511); *Randolph* v. *Merchants &c. Co.*, 181 *Ga.* 671, 677 (183 S. E. 801).

3. The plaintiff having instituted this suit to recover his interest in the land, even if only one day before the expiration of seven years from the time it was purchased by the defendant, was not estopped from asserting his title to an interest therein, and, under the undisputed evidence appearing in the record, was entitled to recover, subject to the defendant's right to set up his bona fide possession of the land under an adverse claim of title, and to set off as against mesne profits the value of permanent improvements bona fide placed thereon by him, as provided by Code § 33-107. *Kemp* v. *Hammock*, 144 *Ga.* 717, 722, supra; *Bowman* v. *Owens*, 133 *Ga.* 49, 52 (3) (65 S. E. 156).

4. The verdict in favor of the defendant was without evidence to support it, and the trial judge erred in denying the motion for new trial.

*Judgment reversed. All the Justices concur, except Atkinson, P. J., not participating.*

No. 18264. SUBMITTED JUNE 9, 1953—DECIDED JULY 13, 1953.

*Milton F. Gardner* and *James M. Watts Jr.*, for plaintiff in error.