A00A2306. CLARENCE L. MARTIN, P.C. v. WALLACE et al.
(546 SE2d 55)

ELLINGTON, Judge.

Clarence L. Martin, P.C. ("the corporation") filed this appeal from the trial court's order denying its motion to intervene and to set aside the judgment following a judicial in rem tax foreclosure sale of certain real property.[1] The corporation claims that since it held title to the property sold at the tax sale, the trial court erred in denying its motion to intervene and in granting the tax sale purchaser's motion to dismiss its petition. For the reasons that follow, we reverse the order dismissing the corporation's petition to intervene and remand for further proceedings.

The facts of this case are not in dispute. The corporation owned property located in Chatham County. The property was sold for taxes, but the U. S. Small Business Administration paid the redemption price to protect the mortgage it held on the property. When the property was redeemed, the Chatham County Tax Commissioner conveyed the property into the name of Clarence L. Martin, individually, instead of the corporation. When no taxes were paid on the property, the tax commissioner sold the property to Thomas Cecil Wallace, Sr. Wallace also failed to pay taxes on the property.

Seeking a judgment authorizing the sale of the property, the tax commissioner filed a petition for ad valorem tax foreclosure which named Wallace as the record owner of the property. Exhibit B to the petition listed interested parties, including Martin. On August 10, 1999, the superior court conducted a hearing on the petition pursuant to OCGA § 48-4-79. It is undisputed that Martin, the registered agent for the corporation, attended the hearing. It is also undisputed

---

[1] Upon finding that this case did not invoke its title to land jurisdiction or implicate its equity jurisdiction, the Supreme Court transferred the case to this Court.

that although Martin received notice of the proposed sale, the corporation did not. Martin maintains that he was present on his own behalf and not on behalf of the corporation.

After reviewing the petition for judicial in rem tax foreclosure, the superior court issued an order authorizing the foreclosure and tax sale. On October 5, 1999, the property was sold to Dolly Chisholm, an attorney who represents Wallace. On December 6, 1999, the corporation filed a petition to intervene and to contest the tax foreclosure. On that same day, to protect its rights to redeem the property, the corporation paid $22,251.75, the amount of taxes due, into the registry of the court. Subsequently, the tax commissioner reported to the trial court that the property could not be conveyed due to the filing of the petition to intervene.

Meanwhile, Wallace filed a motion seeking the dismissal of the corporation's petition. Wallace argued that the corporation had no standing and lacked the capacity to intervene. Wallace claimed that since the professional corporation had been administratively dissolved, the corporation was no longer recognized as a legal entity. Wallace also contended that the corporation was not the title owner of the property at the time of the filing of the petition for the tax foreclosure and, therefore, had no right to redeem the property as provided by OCGA § 48-4-81 (c). Without setting forth any reasons for doing so, the trial court granted Wallace's motion to dismiss, and this appeal followed.

1. The corporation contends the trial court erred in denying its motion to intervene. It claims that it had a statutory right to redeem the real property sold to Wallace at the tax sale because it was the owner of title of the property and it had timely paid the appropriate amount into the registry of the court. As a threshold matter, we address the legal existence of and right of the corporation to intervene. Wallace argues that, because the corporation had been administratively dissolved, it lacked standing to sue. Georgia law, however, provides otherwise. See OCGA § 14-2-1410. The legislature amended the corporate Code effective July 1, 1996, to preserve certain rights and remedies of dissolved corporations, except those dissolved by a superior court decree. OCGA § 14-2-1410 now guarantees a dissolved corporation a safe harbor period of two years after the date of dissolution to commence an action. The statute expressly provides:

> The dissolution of a corporation in any manner, except by a decree of the superior court . . . , shall not take away or impair any remedy available to such corporation, its directors, officers, or shareholders for any right or claim existing prior to such dissolution or is commenced within two years after the date of such dissolution. Any such action or pro-

ceeding by the corporation may be prosecuted by the corporation in its corporate name. The shareholders, directors, and officers shall have power to take such corporate or other action as shall be appropriate to protect such remedy, right, or claim.

OCGA § 14-2-1410. Nothing in the record establishes that the two-year time period had lapsed. On the contrary, the sole evidence of dissolution is a single page purportedly from an electronic search of the Secretary of State's Internet website which shows that the corporation was current in the payment of its annual return as of October 2, 1997, but that later, according to uncertified information obtained on December 8, 1999, the status of the corporation was "administratively dissolved."

Next we consider the application of the statutory procedures to the corporation. The corporation of Clarence L. Martin, P.C. is a distinct legal entity from Clarence L. Martin, an individual. See *Henderson v. HSI Financial Svcs.*, 266 Ga. 844, 846 (2) (471 SE2d 885) (1996) (a professional corporation and its shareholders enjoy the same rights, privileges, and immunities as shareholders in a business corporation); see OCGA § 14-7-3. Under the statutory provisions governing judicial in rem tax foreclosures, prior to the sale of property for delinquent taxes, "any interested party may redeem the property from the sale by payment of the redemption amount" to the tax sale petitioner. OCGA § 48-4-80 (a). But after the conclusion of a judicial foreclosure and sale, under the terms of OCGA § 48-4-81 (c), the right to redeem belongs exclusively to the owner of the property before the sale. That subsection provides:

> From and after the moment of the sale, the sale shall be final and binding, subject only to the right of the owner of the property to redeem the property from the sale upon payment into the superior court of the full amount of the minimum bid price of the sale. Such right of redemption of the owner shall exist for a period of 60 days from and after the date of the sale.

OCGA § 48-4-81 (c). This right of redemption, however, applies solely to the actual property "owner," defined as "the owner of record of fee simple interest in the property as of the date of filing of the petition." OCGA § 48-4-81 (c) (2).

By law, the tax commissioner was obligated to ascertain the identity of and to provide notice to all parties having an interest in the property "as revealed by a certification of title to the property conducted in accordance with the title standards of the State Bar of

Georgia." OCGA § 48-4-77 (1) (A). Thus, the tax commissioner had a legal duty to determine the true owner by searching the appropriate real property records.

Thus, if the corporation was, in fact, the owner of record of fee simple interest in the property at issue on June 16, 1999, the date when the petition was filed, then the corporation had an unconditional right to intervene guaranteed by statute. *Burruss v. Ferdinand*, 245 Ga. App. 203, 204 (2) (536 SE2d 555) (2000). On this issue, the corporation offered some evidence that it was and is the owner of record of fee simple interest in the property at issue. Compare id. (person holding unrecorded deed was not entitled to intervene in ad valorem tax foreclosure).

The corporation asserts that it is the true owner because title was never voluntarily or involuntarily transferred out of its corporate name. To support its claim of title, the corporation offered a copy of an indenture dated April 12, 1979, and filed on April 17, 1979, which showed that Rimstrance Leasing Systems, Ltd. conveyed all interest in this property "FOREVER IN FEE SIMPLE" to "Clarence L. Martin, P.C., a Georgia corporation." The corporation also submitted the affidavit of Sandra Polite-Orr, a title searcher with more than 20 years of experience in searching titles in Chatham and surrounding counties. According to Polite-Orr, she had been retained to conduct a title search on the "Western 30' of Lot 10, Pulaski Ward, 109 West Liberty Street, Savannah, Georgia 31401." Polite-Orr testified that this property "was deeded to Clarence L. Martin, P.C. by Warranty Deed, dated the 12th day of April 1979, recorded in Deed Book 112-P, Page 230." As a result of her title search, Polite-Orr determined that "as of March 1, 2000, the property has never been deeded out of Clarence L. Martin, P.C." Polite-Orr noted, however, that "the Chatham County Tax Commissioner attempted to sell the property for taxes in 1982, but transferred the property out of Clarence L. Martin, an individual and not out of Clarence L. Martin, P.C., a corporation."

Based on the record before us, it appears that the property at issue was sold by the tax commissioner in 1982 for nonpayment of taxes. A 1982 document declares Clarence L. Martin as the defendant in fi. fa. It appears that it was Martin's property, not the property belonging to the corporation, that was seized and levied upon. The SBA then paid the amount required to redeem the property. But, after the SBA redeemed the property in 1982, title was not put back into the name of Clarence L. Martin, P.C., whose name appears on the indenture as the defendant in fi. fa. Instead, after the SBA paid the funds necessary to redeem the property, it seems that the tax commissioner quitclaimed the property to Martin, not to the corpora-

tion.[2] When property has been redeemed, however, the effect of that redemption "shall be to put the title conveyed by the tax sale back into the defendant in fi. fa., subject to all liens existing at the time of the tax sale." OCGA § 48-4-43.

In 1991, this same property was again sold for delinquent ad valorem taxes and Wallace was the purchaser.[3] After Wallace failed to pay taxes on the property, the tax commissioner again purchased the property at a tax sale. In 1997, the tax commissioner transferred the property back to Wallace. In 1999, the underlying tax sale took place during which an attorney for Wallace purchased the property.

One cannot transfer or convey an interest in real property greater than he has. *McDaniel v. Bagby*, 204 Ga. 750, 755 (1) (51 SE2d 805) (1949); *Copelin v. Williams*, 152 Ga. 692 (1) (111 SE 186) (1922); see *Foskey v. Dockery*, 241 Ga. 26, 27-28 (1) (243 SE2d 70) (1978); Hinkel, Pindar's Ga. Real Estate Law & Procedure (5th ed.), § 19-20, p. 130. Generally, the tax sale of property belonging to someone other than the delinquent taxpayer is not recognized as a proper sale. *Nelson v. Brown*, 174 Ga. 150, 154 (162 SE 276) (1932). As the Supreme Court of Georgia held:

> [w]here the owner of land fails to return it for taxation, there is provision of law for assessing it for him; and if the owner be not known, there is provision for assessing it as unreturned property, and also provision for collecting the taxes on it. But where the owner fails to return the land, there is no provision of law whereby his title can be divested by levy and sale as the property of another person under a tax execution issued against such other person.

(Citations and punctuation omitted.) Id. See *Wiley v. Martin*, 163 Ga. 381, hn. 1 (136 SE 151) (1926).

When a person without lawful authority sells and conveys as his own real property belonging to another person and receives the consideration paid, "such pretended sale and conveyance will not operate to divest the title of the owner nor will the purchaser derive any title." *Copelin*, supra at 692. A person redeeming property cannot obtain better title than the owner had before the tax sale. *Elrod v. Owensboro Wagon Co.*, 128 Ga. 361, 365 (4) (57 SE 712) (1907).

If, in fact, the tax commissioner conveyed the property to some-

---

[2] According to the tax commissioner, "on September 11, 1987, the U. S. Small Business Administration paid $15,103.53 and Chatham County executed a quitclaim deed to Clarence L. Martin." But a copy of the quitclaim deed was not included in the appellate record.

[3] The corporation claims that it did not receive notice of the tax sales in 1982, 1991, or 1999.

one other than the defendant in fi. fa. after the SBA redeemed it, and if the tax commissioner attempted a levy and sale of property neither owned by nor titled to Martin but belonging to the corporation, it would appear that the tax commissioner had nothing to sell or to convey. See *Nelson*, supra; *Copelin*, supra. The purchaser of property at a void tax sale is entitled only to a return of his money. *West v. McBride*, 207 Ga. 261, 262 (3) (61 SE2d 133) (1950).

The title searcher testified that the corporation's deed was recorded in "Deed Book 112-P, Page 230" which corresponds with the book and number of the warranty deed from Rimstrance Leasing to the corporation in 1979. Yet, the legal description of the property in the trial court's order says, "recorded in the Office of the Clerk of the Superior Court of said County, Book 14-T, Page 110."[4] No copy of any document recorded at that page number appears in the record before this Court. Thus, here, unlike the situation in *GE Capital Mtg. Svcs. v. Clack*, 271 Ga. 82, 85 (2) (b) (515 SE2d 619) (1999), there is some evidence of ownership in the property at issue by the aggrieved party. In light of the conflicting claims and incomplete evidence contained in the appellate record, the trial court, in resolving the corporation's petition to intervene, must determine the exact nature of the corporation's interest in the property, if any, on the date of the filing of the petition to foreclose. See OCGA § 48-4-81 (c).

2. The corporation also asserts that the trial court erred by failing to dismiss the proceeding after it paid the balance outstanding into the registry of the court.

If, on remand, the trial court finds that Clarence L. Martin, P.C. was the owner of record of a fee simple interest on the date that the tax commissioner filed the petition to foreclose, then the corporation has a statutory right to redeem its property contingent only upon its satisfaction of the statutory requirements set forth in OCGA § 48-4-81 (c).[5] If, on remand, the trial court finds that the corporation is estopped from asserting a claim of title due to the conduct of its agent, then no such right would exist. See *Pressley v. Maxwell*, 242 Ga. 360, 361-362 (249 SE2d 49) (1978); but see *Anderson v. Manning*, 221 Ga. 421, 423-424 (144 SE2d 772) (1965) (estoppel does not occur when purchaser has actual knowledge of rights of other party who remained silent or did not rely upon action or inaction of that party); *Owen v. Miller*, 209 Ga. 875, 876 (3) (76 SE2d 772) (1953).

*Judgment reversed and case remanded with direction. Andrews, P. J., and Ruffin, J., concur.*

---

[4] The 1982 tax sale apparently was filed in "Record Book 119-J, Folio 178."

[5] According to the newspaper advertisement, a starting bid of $17,562 was required, and the corporation deposited more than $22,000 into the registry of the court.

DECIDED FEBRUARY 27, 2001.

Constance L. Thomas, for appellant.

Lee, Black, Scheer & Hart, R. Jonathan Hart, Inglesby, Falligant, Horne, Courington & Nash, Elsie R. Chisholm, Owen C. Murphy, Wiseman, Blackburn & Futrell, James B. Blackburn, Emily E. Garrard, for appellees.