WEST *v.* MCBRIDE *et al.*

WYATT, Justice. The City of Atlanta instituted proceedings to condemn described realty. The assessors made an award of $500, which was paid into court. Thomas B. West intervened and claimed the fund, his claim being based upon a sale of the property for taxes, at which sale B-X Corporation, of which corporation West was president, was the purchaser. The corporation thereafter deeded the property to West. Mrs. Lila Chiles McCollough Moore intervened, claiming the fund, her contention being that she was the owner of the property before and at the time of the tax sale, and that the tax sale and deed executed thereunder were void, for the reason that the tax execution was for the sum of $2.90, that the property could have been subdivided, that the levy was therefore excessive, and that the sale and deed executed thereunder were void. It would serve no useful purpose to set out here the evidence. We deem it sufficient to say that the evidence was ample to sustain a verdict finding the levy to have been excessive. The jury found in favor of Mrs. Lila Chiles McCollough Moore. Thomas B. West duly filed his motion for new trial, which

was subsequently amended. The trial court overruled the motion for new trial. The exception is to that judgment.

1. The plaintiff in error filed nine grounds of an amended motion for new trial, all of which are amplifications of the general grounds, or complain about portions of the charge of the trial court to the jury, these complaints being based upon the theory that the evidence did not authorize the verdict. The evidence being sufficient to support a finding that the levy of the tax execution was excessive, under many decisions of this court, the levy and sale thereunder were void, and conveyed no title as against the owner of the property. See *Stark* v. *Cummings,* 127 *Ga.* 107 (2) (56 S. E. 130), and cases there cited.

2. The contention in the instant case being that the sale of the property was void because of an excessive levy, the provisions of Code § 92-8301 et seq., providing for the redemption of property sold for taxes, have no application.

3. "A purchaser at a sale which is void because the levy is excessive, whose money is applied to the extinguishment of a lien on the property sold, is entitled, in defense to a suit by the owner or his assignee to declare such sale void, to have the court decree, as a condition that it will grant the prayer to cancel the purchaser's deed, that such purchaser be reimbursed to the extent that the purchase-money was used to pay off a valid and subsisting lien upon the property." *Interstate Bond Co.* v. *Cullars,* 189 *Ga.* 283 (3) (5 S. E. 2d, 756). In the instant case, it was provided that West should be reimbursed in the amount expended by him. Under the verdict of the jury, this fully protected his rights, and was all that he was entitled to.

4. The plaintiff in error contends that the defendant in error failed to prove her title to the property. Conceding, but not holding, that the plaintiff in error could raise this question after the deed had been held to be void, the evidence in this case was sufficient to establish the title of the defendant in error. Some of the evidence on this question might have been subject to proper objection, but no objections were interposed. From what has been said above, it follows, there was no error in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*

No. 17194. SEPTEMBER 11, 1950.

*S. T. Allen,* for plaintiff in error.

*H. Fred Gober, Mitchell & Mitchell,* and *John E. Feagin,* contra.