## 40946. WEST v. STYNCHCOMBE.
### (317 SE2d 541)

WELTNER, Justice.

West purchased at sheriff's sale certain real property, which was levied upon and sold to satisfy two fi. fas. issued by the Fulton County Public Works Department upon unpaid sewer assessments. Because of certain irregularities in the sale, West contends that he is entitled to the delivery of the fi. fas. with no entry of satisfaction, as well as a sheriff's deed to the property.

West relies upon OCGA § 48-3-19, pertaining to tax executions. Such executions may be transferred independent of public sale, and prior to levy. However, the sale in this case proceeded under OCGA § 48-5-358, relating to assessments for public improvement purposes, which contains no provision for the transfer of fi. fas. independent of sale.

West's rights must be consistent with the provisions of OCGA § 48-5-358. Hence, he is entitled to *either* a sheriff's deed which accurately states the circumstances of the sale, *or* to the return of his money with lawful interest. As he is *not* entitled to the fi. fas., as

demanded, the judgment of the trial court denying mandamus absolute is affirmed.

Within thirty days from the return of the remittitur, West may elect, in writing, to receive either a corrected sheriff's deed, or the return of the purchase price with legal interest, and the county shall comply with such election within thirty days from receipt.

*Judgment affirmed with directions. All the Justices concur.*

DECIDED JULY 2, 1984.

*Durwood T. Pye,* for appellant.
*Lewis C. Horne, Jr., Robert G. Young,* for appellee.