75081. SPOONER et al. v. LOSSIAH et al.
(366 SE2d 236)

McMurray, Presiding Judge.

Plaintiffs Alvin and Anita Lossiah are husband and wife. Defendants are George Spooner and Spooner Mobile Homes, Inc. Plaintiffs' complaint alleges that they were the owners and had right of possession to certain personalty, a mobile home and its contents, and that defendants took and unlawfully converted plaintiffs' personalty; that defendants refused plaintiffs' demand for the return of their personalty and that defendants negligently allowed plaintiffs' personalty to be destroyed by fire while in defendants' unlawful possession. Plaintiffs sought a judgment for the value of the personalty, loss of use of the property and exemplary damages. Upon the trial of the case, the trial court granted defendants' motion for directed verdict on plaintiffs' claim for the loss of the contents of the mobile home and on plaintiffs' claims for punitive damages and attorney fees. The jury returned a verdict in favor of plaintiffs and against defendants awarding plaintiffs the sum of $4,000 plus interest thereon and court costs. Defendants appeal from the judgment entered against them. *Held*:

1. Defendants enumerate as error the denial of their motions for directed verdict and for judgment notwithstanding the verdict. The evidence at trial showed that defendants were involved in various businesses involving mobile homes, including the operation of Pecan Haven Trailer Park. The plaintiff wife leased a lot at Pecan Haven and the mobile home in question was situated thereon until February 17, 1984. On that date the mobile home was removed from the lot by defendants. The evidence is contradictory as to the condition of the mobile home at that time but it is uncontroverted that no one had been living in the trailer for several weeks prior to its removal.

Defendants rely upon the provisions of the lease of the Pecan Haven lot as authority for their removal of the mobile home from the lot. The lease provided that: "Rent is due and payable in advance on the first working day of each month. Accounts not paid by the 10th will be charged a late charge of $1.00 for each day that the rent is not paid after the 10th. After the 15th, mobile home will be moved from lot without further notice." The last payment made by plaintiffs was on January 12, 1984, for the month of January. Plaintiffs never paid rent for the month of February. Plaintiffs contend that there was no breach of the timely payment provisions of the lease, as a fact issue existed as to modification of the lease provision by late payments being accepted. See OCGA § 13-4-4. However, the evidence shows only

one instance of defendants' acceptance of a late rental payment and such is not enough to invoke the notice requirement of OCGA § 13-4-4. *Prudential Ins. Co. of America v. Nessmith,* 174 Ga. App. 39, 40 (329 SE2d 249). As there was no waiver of defendants' contractual right to remove plaintiffs' mobile home when no rent was paid for the month of February, defendants' assumption of possession of plaintiffs' mobile home was lawful and not a conversion.

Plaintiffs argue that a conversion is shown by their proof that a demand for the return of the mobile home was refused by defendants. Plaintiffs' evidence shows that on one occasion they unsuccessfully attempted to speak to the individual defendant, George Spooner, but left after they were told he "was tied up with one of his salesmen." Plaintiffs tried unsuccessfully a number of times to reach the individual defendant by telephone. Subsequently, the individual defendant telephoned the plaintiff wife and thereafter also spoke to the plaintiff husband. The evidence as to each of these conversations merely shows that the individual defendant expressed his willingness to return the mobile home upon payment of a sum of money. (The sum stated to the plaintiff wife was $75, representing the removal of the mobile home from the Pecan Haven Lot. The figure of $175 was stated to the plaintiff husband representing the towing fee plus rent due for two months. The $175 was erroneous as only one month's rent was actually due.)

There is no evidence that either plaintiff made an unequivocal demand for delivery of the mobile home to himself or herself. Thus, we conclude that there is no evidence that defendants' continued possession of the mobile home manifested a conversion. *International Images v. Smith,* 171 Ga. App. 172, 174 (1) (318 SE2d 711); *McDaniel v. White,* 140 Ga. App. 118, 119 (2) (230 SE2d 500).

On June 25, 1984, the mobile home which remained on defendants' storage lot was destroyed by fire. While plaintiffs' action is predicated on the alternate theory that the fire resulted from the negligence of defendants, plaintiffs presented no evidence on this issue at trial beyond showing that the mobile home was within the control of defendants at the time of the fire. Defendants presented evidence that the cause of the fire could not be determined, the mobile home was stored on a secure fenced lot and there was no gas or electricity connected. The evidence was insufficient to show any negligence on the part of defendants, or that any negligence on their part was the proximate cause of the fire which destroyed plaintiffs' mobile home. *Tepper v. Marty's, Inc.,* 139 Ga. App. 140 (228 SE2d 32); *Rhodes v. Duarte,* 142 Ga. App. 885 (237 SE2d 212).

As there was no evidence authorizing the jury's verdict in favor of plaintiffs, the trial court erred in denying defendants' motions for directed verdict and for judgment notwithstanding the verdict. *Life Ins.*

*Co. of Ga. v. Helmuth*, 182 Ga. App. 750, 752 (1) (357 SE2d 107); *Ketcham v. Franklyn Gesner Fine Paintings*, 181 Ga. App. 549, 554 (353 SE2d 44).

2. The remaining enumerations advanced by defendants are rendered moot by our decision in Division 1 and need not be considered. Plaintiffs' motion for frivolous appeal penalty under OCGA § 5-6-6 and defendants' motion for attorney fees and expenses of litigation in connection with the preparation of a response thereto are denied.

*Judgment reversed. Sognier and Beasley, JJ., concur.*

DECIDED FEBRUARY 18, 1988.

*Charles R. Adams III, Cynthia T. Adams*, for appellants. *Timothy C. Cramer, Christopher Edwards*, for appellees.