A97A2528. INTERNATIONAL INDEMNITY COMPANY
v. ROBINSON et al.
(498 SE2d 795)

Ruffin, Judge.

We granted International Indemnity Company's ("International") application for interlocutory appeal to consider whether the trial court properly denied International's motion for summary judgment. International sent its notice of appeal by Federal Express overnight delivery to the Superior Court of Cobb County, but it was not received within the ten-day filing requirement of OCGA § 5-6-34 (b). See OCGA § 5-6-37. Consequently, this Court was without jurisdiction to consider the appeal, and it was dismissed.

When the remittitur from the Court of Appeals was filed below, International moved the trial court to vacate its original order denying summary judgment and reinstate the same order, conceding its failure to timely file its notice of appeal, but contending the Court of Appeals' dismissal of the case was based upon a mere technical deficiency. Upon considering the motion, the trial court vacated its original order denying summary judgment, reinstated the same order instanter, and issued another certificate of immediate review. We granted International's application to file the instant interlocutory appeal to address: International's failure to comply with OCGA § 5-6-34 (b) and the trial court's action in vacating its judgment, reinstating the same judgment, and issuing another certificate of immediate review. For the reasons which follow, we dismiss the appeal.

1. OCGA § 5-6-34 (b) provides: "Where the trial judge in rendering an order, decision, or judgment, not otherwise subject to direct appeal, certifies within ten days of entry thereof that the order, decision, or judgment is of such importance to the case that immediate review should be had, the Supreme Court or the Court of Appeals may thereupon, in their respective discretions, permit an appeal to be taken from the order, decision, or judgment if application is made thereto within ten days after such certificate is granted. . . . Within ten days after an order is issued granting the appeal, the applicant, to secure a review of the issues, may file a notice of appeal as provided in Code Section 5-6-37." While a grant of summary judgment is

subject to direct appeal, OCGA § 9-11-56 (h), which governs the appeal of a denial of a motion for summary judgment, allows the losing party to take advantage of the foregoing interlocutory appeal process. *Southeast Ceramics v. Klem*, 246 Ga. 294 (1) (271 SE2d 199) (1980).

Although a party has the right, it is essential that the appealing party comply with the interlocutory appeal procedure. In *Mitchell v. Oliver*, 254 Ga. 112, 113-114 (1) (327 SE2d 216) (1985), the Supreme Court held that if the party appeals from an order granting partial summary judgment and the appeal is dismissed because of its "failure to fulfill procedural requirements," the same sanction of res judicata which attaches to a final judgment from which a procedurally defective appeal is taken should apply to this party, as well. Furthermore, this procedural default is fatal to the appeal, and thus, the party "is foreclosed from thereafter resubmitting the matter for review on appeal of the final judgment." Id.

In this instance, International sought and was granted an interlocutory appeal pursuant to OCGA § 5-6-34 (b). However, International failed to timely file its notice of appeal in compliance with OCGA § 5-6-34 (b). Because International appealed from a non-final judgment and chose to "[put] the machinery of immediate appellate review . . . into motion, [it committed] a procedural default fatal to [its] appeal. . . ." *Mitchell*, supra at 114 (1). Accordingly, we conclude that International is foreclosed from resubmitting this matter for appellate review.

2. We now address the trial court's action in vacating the original order denying summary judgment and reinstating the same order instanter. "Upon the remittitur from the appellate court being filed in the trial court, the issue is res judicata, and the lower court has no authority to allow the movant to amend [its] motion. Nor can it hear further evidence or consider any other matter that would otherwise affect the finality of the judgment of this court." *Shepherd v. Shepherd*, 243 Ga. 253, 254 (253 SE2d 696) (1979). "Rulings of the appellate courts are binding in all subsequent proceedings in the trial or appellate courts. Moreover, the decision of the appellate court, and any direction awarded, shall be respected and in good faith carried into full effect by the court below." (Citations and punctuation omitted.) *Crowell v. City of Eastman*, 187 Ga. App. 891, 892 (1) (371 SE2d 667) (1988).

In this instance, the trial court's action was intended to provide International an opportunity to resubmit its application for interlocutory appeal. Clearly, this ruling circumvented our dismissal of the appeal. See *Shepherd*, supra. "The only action which [the trial court] had authority or power to take was to make the judgment of this court the judgment of the trial court. . . . [Cit.]" Id. at 254-255.

Accordingly, the trial court erred in vacating its prior order and reinstating the order instanter. We conclude that our dismissal of the interlocutory appeal was binding on the trial court, and consequently, this appeal is dismissed.

*Appeal dismissed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED MARCH 16, 1998.

*Lane, O'Brien & Caswell, Stephen J. Caswell, Mark W. Thomas,* for appellant.

*Smith, Howard & Ajax, James T. Brieske, Falanga & Chalker, Robert A. Falanga, Crim & Bassler, Thomas S. Bechtel,* for appellees.

