### S03A0966. CANOESIDE PROPERTIES, INC. v. LIVSEY.
### S03A1155. FERDINAND v. LIVSEY.
(589 SE2d 116)

BENHAM, Justice.

This appeal is from an order denying summary judgment to the defendants in an action seeking to set aside a deed executed pursuant to a judicial tax foreclosure. The events leading to this appeal began when Livsey purchased real property in Fulton County in July 1999, filed the deed for record, and paid the transfer tax. In August 1999, acting in his capacity as Tax Commissioner of Fulton County, Ferdinand filed a petition for judicial in rem tax foreclosure of the property, naming Livsey's grantor as the owner. Canoeside Properties, Inc. (hereinafter, "Canoeside") bought the property at a tax sale in November 1999. Livsey filed a petition in equity to quiet title on September 21, 2000, naming Canoeside and Ferdinand as defendants and tendering into the registry of the court the difference between the amount paid by Canoeside and the amount of the tax liability. Both defendants sought summary judgment, which the trial court denied, ruling that the sale was void under the holding in *Clarence L. Martin, P.C. v. Wallace,* 248 Ga. App. 284 (546 SE2d 55) (2001), because the property was sold in the name of one who was not the owner at the time of the sale. In its December 10, 2002, order denying Ferdinand's motion for summary judgment and Canoeside's motion for reconsideration of the denial of its motion for summary judgment, the trial court granted certificates of immediate review to both defendants. Canoeside's application was timely filed, but Ferdinand's application, directed to the Court of Appeals, was mistakenly filed in a different court. For the purpose of giving Ferdinand another chance to file a timely application, the trial court, with Livsey's consent, vacated the December 10 certificate of immediate review and entered another order on January 6, 2003, granting Ferdinand a certificate of immediate review. Ferdinand's subsequent application filed in the Court of Appeals was dismissed because the January 6 certificate of immediate review was issued more than ten days after the December 10 order denying summary judgment. OCGA § 5-6-34 (b).

The trial court issued a new order on February 12, 2003, which first vacated the December 10, 2002, denial of summary judgment and the January 6, 2003, grant of a certificate of immediate review, and then denied summary judgment to Ferdinand and granted him a certificate of immediate review. This Court granted applications for review from both defendants, directing both to address the trial court's construction of the judicial in rem foreclosure statute and directing Ferdinand to address whether his application for interlocutory appeal was timely under OCGA § 5-6-34 (b).

1. This Court has a duty to raise the question of its jurisdiction in all cases in which there may be any doubt regarding the existence of such jurisdiction. *Powell v. City of Snellville*, 275 Ga. 207 (1) (563 SE2d 860) (2002). Accordingly, we will first address the second question posed to appellant Ferdinand.

The jurisdictional question in this case was raised in *Glenn v. State*, 271 Ga. 604 (2) (523 SE2d 13) (1999), but because this Court concluded that the Court of Appeals had been without jurisdiction to consider the State's application for interlocutory review, the question of timeliness was not addressed. The Court of Appeals has, however, addressed a very similar situation. In *International Indem. Co. v. Robinson*, 231 Ga. App. 236 (498 SE2d 795) (1998), an application for interlocutory review of the denial of summary judgment was granted, but the appellant failed to file a notice of appeal on time, so the appeal was dismissed. Upon the return of the remittitur, the trial court vacated the order denying summary judgment and entered another order to the same effect and granted the appellant a certificate of immediate review. The Court of Appeals granted the application to consider the effect of the appellant's failure to comply with interlocutory appeal procedures and the correctness of the trial court's action. In deciding to dismiss the appeal, the Court of Appeals first considered the effect of procedural default in an interlocutory appeal and concluded, based on this Court's decision in *Mitchell v. Oliver*, 254 Ga. 112 (1) (327 SE2d 216) (1985), that a dismissal of an interlocutory appeal for a procedural fault carries with it res judicata effect which forecloses the issue from further appellate review. Having decided that its earlier dismissal of the appeal was res judicata, the Court of Appeals then concluded that the trial court did not have the authority to vacate and reinstate its judgment in an effort to circumvent the dismissal.

While the second holding in *International Indem. Co. v. Robinson*, supra, would logically follow if the first holding were correct, a close examination of this Court's decision in *Mitchell v. Oliver*, supra, reveals that the Court of Appeals misapplied that decision in *International Indem. Co.* and was wrong in concluding that dismissal of an interlocutory appeal for a procedural fault carries with it res judi-

cata effect which forecloses further appellate review of the issue. In *Mitchell*, this Court was considering a direct appeal of a partial grant of summary judgment pursuant to OCGA § 9-11-56 (h). We held there that "[i]f the losing party suffers dismissal of his § 9-11-56 (h) appeal for failure to fulfill procedural requirements, the losing party should, in return for his privilege of direct appeal, suffer the same sanction of res judicata which attaches to a final judgment from which a procedurally defective appeal is taken." Id., 254 Ga. at 114. By contrast, the Court of Appeals in *International Indem. Co.* was considering a procedural default in an interlocutory appeal pursuant to OCGA § 5-6-34 (b), not a direct appeal pursuant to OCGA § 9-11-56 (h). That being so, the principle set out in *Mitchell* did not apply to the very different appeal involved in *International Indem. Co.*, especially in light of this holding in *Mitchell*: "A defective attempt to seek interlocutory review pursuant to OCGA § 5-6-34 (b) does not have the effect of making the judgment appealed from res judicata of the issue." Id. Because it is inconsistent with our decision in *Mitchell v. Oliver*, supra, we overrule *International Indem. Co. v. Robinson*, supra.

After reaching the erroneous conclusion in the first division of its opinion in *International Indem. Co.* that the dismissal of the earlier appeal was res judicata, the Court of Appeals went on in the second division of the opinion to hold that the trial court lacked authority to vacate its earlier judgment for the purpose of permitting another appeal. As we noted above, that second holding would be logical if the res judicata holding were correct, but since the res judicata holding was wrong, it cannot be used to support the second holding. Without the res judicata effect of the dismissal, we see no impediment to the trial court's action in that case or this one. "Summary judgment orders which do not dispose of the entire case are considered interlocutory and remain within the breast of the court until final judgment is entered. They 'are subject to revision at any time before final judgment unless the court issues an order "upon express direction" under OCGA § 9-11-54 (b).' [Cit.]" *Wade v. Whalen*, 232 Ga. App. 765 (3) (504 SE2d 456) (1998). In the absence of res judicata effect from the dismissal of the first attempt to obtain interlocutory review, the principle stated in *Wade v. Whalen* permits the trial court to take the action it took here, vacating its earlier orders and entering another order to the same effect. We hold, therefore, that appellant Ferdinand's application for interlocutory review was timely and invoked the jurisdiction of this Court.

2. Although the question we posed in both of these appeals expressed interest in the trial court's construction of the judicial in rem foreclosure statute, and the parties devoted a majority of their efforts on appeal discussing issues of notice and service pursuant to

the statute, close study of the trial court's order reveals that the actual basis for its decision to deny summary judgment to Canoeside and Ferdinand did not involve the statute or its construction, but was based on the holding in *Clarence L. Martin, P.C. v. Wallace*, supra, 248 Ga. App. 284, that when property is sold at a tax sale as the property of someone other than the actual title holder, the sale is void. It being unmistakable from the record that Ferdinand attempted to sell Livsey's property as the property of Livsey's grantor, if the reasoning behind the decision in *Clarence L. Martin, P.C. v. Wallace*, supra, is valid, the trial court's ruling was correct. The pertinent holding of the Court of Appeals in *Clarence L. Martin, P.C. v. Wallace*, supra, 248 Ga. App. at 288-289, is as follows:

> One cannot transfer or convey an interest in real property greater than he has. [Cits.] Generally, the tax sale of property belonging to someone other than the delinquent taxpayer is not recognized as a proper sale. [Cit.] . . . [W]here the owner fails to return the land [for taxation], there is no provision of law whereby his title can be divested by levy and sale as the property of another person under a tax execution issued against such other person. [Cit.] When a person without lawful authority sells and conveys as his own real property belonging to another person and receives the consideration paid, "such pretended sale and conveyance will not operate to divest the title of the owner nor will the purchaser derive any title." [Cit.] . . . [I]f the tax commissioner attempted a levy and sale of property neither owned by nor titled to [the defendant in fi. fa.] . . . , it would appear that the tax commissioner had nothing to sell or to convey. [Cits.] The purchaser of property at a void tax sale is entitled only to a return of his money. [Cit.]

We find that reasoning, based on long-standing precedent of this Court, compelling and applicable to the situation presented in this case. Because Livsey bought the property at issue before Ferdinand filed the petition for judicial in rem foreclosure against Livsey's grantor, the subsequent sale purporting to pass title from a person whose title had already been divested by means of the sale of the property to Livsey passed no title at all. It follows that the trial court was correct in holding that the sale to Canoeside was void.

Contrary to the arguments of Canoeside and Ferdinand, the holding in *GE Capital Mtg. Svcs. v. Clack*, 271 Ga. 82 (515 SE2d 619) (1999), does not require a different result. We rejected in that case a contention that the sale was void because notice was not given to all the parties to whom it was due, holding that "defects in following the

notice provisions of the tax sale statute may give an injured party a claim for damages, but will not render the tax sale or the deed therefrom void." Id. at 83. By contrast, the problem in this case was not defects in giving notice, but the sale of the property in the name of a party who did not own it. Likewise, the other issues argued by the appellants in these appeals are rendered moot by the fact that the tax sale was a nullity and title to the contested property never left Livsey.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 26, 2003.

*Slaughter & Virgin, Frank W. Virgin,* for Canoeside Properties.
*John A. B. Ayoub, Vernitia A. Shannon, Overtis H. Brantley, Robert L. Martin, Rodney T. Floyd,* for Ferdinand.
*Michael P. Froman,* for Livsey.