S04A1605. HARPAGON COMPANY, LLC v. GELFOND et al.
(608 SE2d 597)

HINES, Justice.

This is an appeal by plaintiff, The Harpagon Company, LLC ("Harpagon"), from the grant of summary judgment in favor of defendants, Alicia Gelfond as the Executrix of the Estate of William A. Gelfond et al. (collectively "Gelfond"), in a petition, pursuant to OCGA § 23-3-40 et seq., to quiet title to real property acquired by quitclaim deed following a tax sale. For the reasons which follow, we affirm the judgment in favor of the defendants Gelfond.

William A. Gelfond owned commercial real estate located at 587 Virginia Hill Avenue in Fulton County ("Virginia Hill property"); he also owned real property located at 759 Adair Avenue in Fulton County ("Adair Avenue property"). On March 11, 1994, he conveyed his interest in the Adair Avenue property to THR Development Group I, Inc. ("THR"). Mr. Gelfond died in 1996. His wife, Alicia Gelfond, was appointed executrix of his estate. On December 15, 1999, and on March 31, 2000, the Fulton County Tax Commissioner issued writs of fieri facias ("fi. fas.") for allegedly unpaid 1999 ad valorem taxes on the Virginia Hill property. Both fi. fas. named "William A. Gelford [sic]" as the defendant in fi. fa. They described the property by reference to an assigned 14-digit parcel identification number. The fi. fas. were transferred to Vesta Holdings, as nominee for Heartwood 11, Inc. ("Heartwood"). A tax sale was scheduled. The advertisement for the tax sale inaccurately listed THR as owner and defendant in fi. fa., and contained an inaccurate legal description of the property to be sold; even though the parcel identification number in the advertisement referred to the Virginia Hill property, the legal description was of the Adair Avenue property Gelfond had sold to THR.

The sheriff levied upon the Virginia Hill property and sold it to the highest bidder, Heartwood. The prepared tax deed of the sale erroneously named THR as owner/grantor and described the conveyed real estate as the Adair Avenue property previously conveyed

by William A. Gelfond to THR. Heartwood conveyed by quitclaim deed its interest purchased at the tax sale to Harpagon. On August 11, 2003, Harpagon filed the present petition to quiet title to the Virginia Hill property. Two days later, on August 13, 2003, the Sheriff of Fulton County "administratively cancelled" the tax deed at the request of Gelfond's estate, citing procedural error in the conducting of the sale.[1] In the present action, Gelfond moved for judgment on the pleadings, or in the alternative, for summary judgment, asserting that Harpagon had no title, record or prescriptive, because the tax deed had been cancelled. Harpagon moved for partial summary judgment, arguing that the sheriff lacked authority to "administratively cancel" the tax deed, and that the right of redemption was barred pursuant to OCGA § 48-4-45 before the cancellation took place. After consideration of the pleadings, evidence, and argument, the trial court concluded that Harpagon's title was defective in that it did not acquire title from the grantor of the Virginia Hill property and that Gelfond has superior title. Consequently, the trial court ordered that the tax sale and tax deed were void and of no force and effect, awarded fee simple title of the Virginia Hill property to Gelfond free and clear of adverse claims of Vesta Holdings, Heartwood, Harpagon, or their successors in title.

1. In its order, the trial court cited, inter alia, *Canoeside Properties v. Livsey*, 277 Ga. 425, 428 (2) (589 SE2d 116) (2003), for the proposition that "when property is sold at a tax sale as the property of someone other than the actual title holder, the sale is void." Harpagon contends that the trial court erred in relying on *Canoeside Properties v. Livsey* because its holding applies only to non-judicial tax sales. Citing *Bibb Nat. Bank v. Colson*, 162 Ga. 471 (134 SE 85) (1926), Harpagon argues that the owner of the property at the time of the tax sale is irrelevant because the tax liability attaches to the property at the time fixed by law for its valuation in each year and remains until the taxes are paid. But Harpagon's arguments are unavailing.

Harpagon can have no greater interest in the Virginia Hill property than its grantor, Heartwood. See *McDaniel v. Bagby*, 204 Ga. 750, 755 (1) (51 SE2d 805) (1949); *Copelin v. Williams*, 152 Ga. 692 (1) (111 SE 186) (1922); *Clarence L. Martin, P.C. v. Wallace*, 248 Ga. App. 284, 288 (1) (546 SE2d 55) (2001). So the salient issue is whether Heartwood validly acquired the Virginia Hill property via the tax sale and the resulting tax deed. Pretermitting the questions of the effects of the misrepresentation of the owner and defendant in fi. fa. and the erroneous legal description of the property in the

---

[1] The parties offer OCGA § 9-13-172.1 as possible statutory authority for the sheriff's action.

advertisement for the tax sale, Harpagon's arguments ignore the fact that the resulting tax deed in favor of Heartwood is fatally defective. Not only does the deed name the wrong owner, but it is impossible to determine with certainty the parcel of property it purports to convey. The property is described as "That tract or parcel of land conveyed by deed to THR DEVELOPMENT GROUP, INC. Recorded at Book 18165/Page 240 per Records of Fulton County, Georgia." But this is the Adair Avenue property. The deed also states that the property is known as "Virginia Ave." The Adair Avenue property was in the "Virginia Avenue Subdivision."

A description of property contained in a deed must be sufficient to identify the land being sold. See generally *Pirkle v. Turner*, 277 Ga. 308 (1) (588 SE2d 733) (2003); *Head v. Lee*, 203 Ga. 191, 198 (2) (b) (45 SE2d 666) (1947); *Mull v. Mickey's Lumber &c. Co.*, 218 Ga. App. 343, 344 (2) (461 SE2d 270) (1995). "This court has often held that the description in an entry of levy on land and in a deed is sufficient where it furnishes a key whereby the identity of the land may be made certain by extrinsic evidence." *GE Capital Mtg. Svcs. v. Clack*, 271 Ga. 82, 84 (515 SE2d 619) (1999), quoting *Head v. Lee*, supra at 198 (2) (b).

Harpagon cites the parcel identification number on the instant tax deed as providing such a key. But the tax deed contains contradictory keys. Again, the deed erroneously lists the property owner as THR and incorporates by reference a legal description of the Adair Avenue property owned by THR. This directly conflicts with the parcel identification number referencing the Virginia Hill property. To accept Harpagon's argument would be to conclude that the deed conveys two parcels of property. The parcel identification number renders the deed internally inconsistent, even when an attempt is made to reconcile the inconsistencies. Thus, the identity of the property sought to be conveyed remains in question. Compare *Adams v. City of Ila*, 221 Ga. App. 372 (1) (471 SE2d 310) (1996); *Lawyers Title Ins. Corp. v. Nash*, 196 Ga. App. 543 (396 SE2d 284) (1990).

2. Harpagon contends the trial court erred in granting Gelfond summary judgment based on *Canoeside Properties v. Livsey*, supra, because it did not have a full opportunity to respond to the issues raised by that case. But, as has been discussed, the fatal flaws of the conveyance in this case go well beyond what was at issue in *Canoeside Properties v. Livsey*. What is more, the sufficiency of the tax deed was clearly in question, and Harpagon had a full and fair opportunity to address that issue. Compare *Dixon v. MARTA*, 242 Ga. App. 262 (529 SE2d 398) (2000).

3. Harpagon also complains that the trial court erred by denying its motion for summary judgment on the issue of whether the sheriff had authority to administratively cancel the tax deed. However, it is unnecessary to address the sheriff's actions in this regard because the

tax deed, in substance, was void, and therefore, the propriety of the administrative cancellation of the tax deed is irrelevant. See Division 1, supra.

4. For the reasons outlined in Division 1, there is no merit to Harpagon's contention that it was due summary judgment on the issue of whether Gelfond's interest has been extinguished, that is, whether Gelfond's right to redeem the Virginia Hill property is barred under OCGA § 48-4-45.

5. In addition to refund of the purchase price of $230,000, Harpagon contends it was entitled to interest pursuant to OCGA § 48-4-42 because of the administrative cancellation of the deed. However, by its own terms, the statutory provision for interest is applicable to instances when the delinquent taxpayer opts to exercise his or her right to redeem the property. That is plainly not the situation in this case.

*Judgment affirmed. All the Justices concur.*

CARLEY, Justice, concurring.

This case raises certain interesting and important questions, such as: whether our recent holding in *Canoeside Properties v. Livsey*, 277 Ga. 425, 428 (2) (589 SE2d 116) (2003) that, "when property is sold at a tax sale as the property of someone other than the actual title holder, the sale is void[,]" applies only in the context of non-judicial tax sales; and, whether OCGA § 9-13-172.1 or any other statutory provision grants to the sheriff the administrative authority to cancel a tax deed. However, as the majority notes at pp. 60-61 in Division 1 and subsequently in Division 4,

> [p]retermitting th[os]e questions, . . . the . . . tax deed in favor of [Appellant's grantor] is fatally defective. Not only does the deed name the wrong owner, [as in *Canoeside Properties v. Livsey*, supra], but it is impossible to determine with certainty the parcel of property it purports to convey.

"A grant of summary judgment must be affirmed if right for any reason, whether stated or unstated. [Cit.] It is the grant itself that is to be reviewed for error, and not the analysis employed. [Cit.]" *Albany Oil Mill v. Sumter EMC*, 212 Ga. App. 242, 243 (3) (441 SE2d 524) (1994). Accordingly, if the tax deed is void for lack of a sufficient description, then the grant of summary judgment in favor of Appellees was correct regardless of any reason proffered by the trial court.

"If two clauses in a deed are utterly inconsistent, the former shall prevail. . . ." OCGA § 44-5-34. Pursuant to this provision, "[w]here a deed contains two descriptions of the land conveyed, one general and the other particular, if there is any repugnance, the particular

description will prevail. [Cit.]" *Harlan v. Ellis*, 198 Ga. 678, 681 (2) (32 SE2d 389) (1944). However, the deed in this case is utterly inconsistent in its description as to which of two separate properties was actually conveyed. Reading the deed as a whole, it is impossible to determine whether the conveyance is of the Virginia Hill property or the Adair Avenue property. " ' "It is undoubtedly essential to the validity of a grant that there should be a thing granted, which must be so described as to be capable of being distinguished from other things of the same kind. . . ." ' [Cit.]" *Carter v. Ray*, 70 Ga. App. 419, 423 (1) (28 SE2d 361) (1943). As the majority points out, to give effect to this instrument "would be to conclude that the deed conveys two parcels of property." Majority opinion, p. 61. "But where there is more than one lot of land answering the description, . . . the deed . . . would be void for uncertainty, the grantee . . . having no election as to which piece he . . . will take. [Cit.]" *Blackwell v. Partridge*, 156 Ga. 119, 129 (2) (118 SE 739) (1923).

Therefore, based upon the principle of "right for any reason," I concur in the affirmance of the grant of summary judgment in favor of Appellees, and write separately so as to emphasize that the questions raised by Appellant regarding the permissible scope of certain decisional and statutory authority must await resolution in a subsequent appeal.

I am authorized to state that Chief Justice Fletcher joins in this concurrence.

DECIDED FEBRUARY 7, 2005 —
RECONSIDERATION DENIED MARCH 7, 2005.

*Proctor & Chambers, Robert J. Proctor, Bradley A. Hutchins, Alexander N. Sedki*, for appellant.

*Fine & Block, Kenneth I. Sokolov, Francis X. Moore, William A. Castings, Jr.*, for appellees.