## S06A1685. HARPAGON COMPANY et al. v. FREEMAN.
### (640 SE2d 268)

THOMPSON, Justice.

The sole question for decision in this appeal is whether the superior court erred in ruling that, although Harpagon was entitled to a refund of the purchase price it paid at a tax sale, it could not recover prejudgment interest. Under the facts of this case, we find no error.

On August 11, 2003, Harpagon brought suit against Gelfond to quiet title to real property which was purchased at a tax sale for $230,000. Two days later, the Sheriff of Fulton County "administratively cancelled" the tax deed at Gelfond's request. Upon cross-motions for summary judgment, the superior court found the tax sale void and awarded the property to Gelfond free and clear of Harpagon's claims. This Court affirmed. *Harpagon Co. v. Gelfond*, 279 Ga. 59 (608 SE2d 597) (2005). Thereafter, on April 6, 2005, Harpagon brought this suit against the sheriff, seeking (1) reformation of the tax deed; (2) a writ of mandamus ordering the sheriff to issue a corrected tax deed; (3) a declaration that the sheriff unlawfully cancelled the tax deed; and (4) a rescission of the tax sale and a refund of the purchase money plus interest. The sheriff admitted that Harpagon was entitled to a return of the purchase price. In fact, the sheriff had tendered a check to Harpagon for the full amount of the purchase price on September 30, 2003, but Harpagon did not cash it.

Each side moved for summary judgment. At the ensuing hearing, Harpagon cited *West v. Stynchcombe*, 253 Ga. 135 (317 SE2d 541) (1984), for the proposition that it was entitled to *either* a corrected tax deed *or* the return of the purchase money with interest, at its election. Completing its argument, Harpagon proceeded to inform the court that it was electing to receive a corrected tax deed.

Based on this Court's decision in *Gelfond*, the superior court determined that the tax sale was void and that Harpagon was not entitled to a corrected tax deed. The superior court went on to rule that Harpagon was entitled to a refund of the purchase price; however, it rejected Harpagon's request for prejudgment interest.

Harpagon appeals, enumerating as error the superior court's refusal to award interest on the purchase price.

1. The sheriff argues that a purchaser at a void tax sale is not entitled to an award of prejudgment interest under any circumstances. We recognize that several Georgia cases broadly state that a purchaser at a void tax sale is only entitled to a return of the purchase price. See, e.g., *Canoeside Properties v. Livsey*, 277 Ga. 425, 428 (589 SE2d 116) (2003), quoting *Clarence L. Martin, P.C. v. Wallace*, 248 Ga. App. 284, 288-289 (546 SE2d 55) (2001); *West v. McBride*, 207 Ga. 261, 262 (3) (61 SE2d 133) (1950). However, it would be a mistake to say that those cases hold that a purchaser at a void tax sale is not entitled to prejudgment interest because that issue was not squarely presented in any of them. In any event, such a holding would be contrary to principles of equity and good conscience because (1) a person who is mistakenly deprived of his money should be compensated for the loss of use of the money; (2) an individual who receives money by mistake should pay interest for his use of the money to avoid unjust enrichment; and (3) in the absence of an award of interest, an individual who receives money by mistake has no incentive to return it upon demand. See generally Dobbs, Law of Remedies, § 3.6 (3) (West, 2nd ed.). Thus, Georgia law wisely holds that a person who mistakenly gives money to another is entitled to a return of the money with interest from the day of demand. OCGA § 7-4-14; *Dell v. Kugel*, 99 Ga. App. 551, 552 (4) (109 SE2d 532) (1959). See also *West v. Stynchcombe*, 253 Ga. 135, 136, supra (purchaser at irregular sheriff's sale entitled to receive corrected sheriff's deed or "return of the purchase price with legal interest").

2. Because the sheriff received and retained purchase money from Harpagon by mistake, i.e., in the absence of fraud, theft, or artifice, he was obligated to return the money. However, interest did not accrue on the purchase money unless and until Harpagon made a demand for its return. *Trustees of Jesse Parker Williams Hosp. v. Nisbet*, 191 Ga. 821, 849 (14 SE2d 64) (1941); *Dell v. Kugel*, supra. We find no such demand by Harpagon. We have no doubt that a petition or complaint can serve as a demand for payment. But any such demand must be unequivocal. See *Spooner v. Lossiah*, 185 Ga. App. 876, 877 (366 SE2d 236) (1988); *McDaniel v. White*, 140 Ga. App. 118, 119 (230 SE2d 500) (1976). It cannot be said that Harpagon's petition, which was couched in four counts, only one of which sought the return of the purchase money, was an unequivocal demand for payment. See generally *Pitts v. Smith*, 108 Ga. 37, 39 (33 SE 814) (1899). This is especially so in light of the facts that (1) the sheriff returned the purchase money to Harpagon more than 18 months before Harpagon filed this suit; (2) Harpagon refused the money; and (3) Harpagon

made it clear at the summary judgment motion hearing that it elected to receive a corrected deed, not the purchase money.

3. Inasmuch as Harpagon did not make an unequivocal demand for the return of the purchase money, it was not entitled to prejudgment interest.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 22, 2007.

*Proctor, Chambers & Hutchins, Robert J. Proctor, Bradley A. Hutchins, Adam C. Caskey*, for appellants.

*Denval A. Stewart, Jennesia M. Primas, Robert D. Ware, Overtis H. Brantley*, for appellee.