### A07A2435. SUNTRUST BANK v. HIGHTOWER.
(660 SE2d 745)

PHIPPS, Judge.

Chad Hightower, individually and on behalf of similarly situated Georgia citizens, filed this class action against SunTrust Bank, demanding liquidated damages under OCGA § 44-14-3 (c) based on SunTrust's failure to have their security deeds cancelled within 60 days after they had fully paid the secured debts. Before Hightower obtained class action certification, SunTrust filed a motion to dismiss arguing that Hightower had failed to comply with a requirement of OCGA § 44-14-3 (c) that he make a written demand for liquidated damages before filing suit. Following a hearing, the trial court denied the motion. Reviewing cases applying OCGA § 44-14-3 (c), and comparing it to other statutes, the court concluded that although OCGA § 44-14-3 (c) requires a written demand for liquidated damages, it does not require the demand to be made before suit is filed. Consequently, the court ruled that the demand in Hightower's complaint satisfied the statutory requirement. We granted SunTrust's application for interlocutory appeal. For reasons that follow, we reverse.

### Standard of Review

We review a grant [or denial] of a motion to dismiss to determine whether the allegations of the complaint, when construed in the light most favorable to the plaintiff, and with all doubts resolved in the plaintiff's favor, disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts. A trial court's ruling on a motion to dismiss is subject to de novo review on appeal.[1]

### Facts

The facts here are undisputed. Hightower financed his home with a loan from SunTrust. In connection with the loan, Hightower granted SunTrust a security deed. SunTrust filed the security deed in the Superior Court of Muscogee County. Hightower later paid off

---

[1] *Hoque v. Empire Fire &c. Ins. Co.*, 281 Ga. App. 810, 811 (637 SE2d 465) (2006) (citations and punctuation omitted).

the loan. SunTrust caused the security deed to be cancelled in the Superior Court of Muscogee County, apparently within about 90 days of the date of the loan payoff.

## Statutory Scheme

OCGA § 44-14-3 (b) (1) provides, in pertinent part:

Whenever the indebtedness secured by any instrument is paid in full, the grantee or holder of the instrument, within 60 days of the date of the full payment, shall cause to be furnished to the clerk of the superior court of the county or counties in which the instrument is recorded a legally sufficient satisfaction or cancellation to authorize and direct the clerk or clerks to cancel the instrument of record.

OCGA § 44-14-3 (c) further provides:

Upon the failure of the grantee or holder to transmit properly a legally sufficient satisfaction or cancellation as provided in this Code section, the grantee or holder shall, *upon written demand*, be liable to the grantor for the sum of $500.00 as liquidated damages and, in addition thereto, for such additional sums for any loss caused to the grantor plus reasonable attorney's fees. The grantee or holder shall not be liable to the grantor if he or she demonstrates reasonable inability to comply with subsection (b) of this Code section; *and the grantee or holder shall not be liable to the grantor unless and until a written demand for the liquidated damages is made.*[2]

OCGA § 44-14-3 (c) thus requires the grantor of the instrument to make a written demand for liquidated damages upon the grantee as a prerequisite to holding the grantee liable for such damages and for "such additional sums for any loss caused to the grantor plus reasonable attorney's fees." But OCGA § 44-14-3 (c) does not specify when the demand must be made. Nor does it, in its present form, require the grantor to make a demand that the grantee transmit cancellation or satisfaction of the instrument to the superior court clerk. Prior to its 1999 amendment, however, OCGA § 44-14-3 (c) contained no requirement that there be a written demand for damages, but rather provided that the grantee would not be liable to

---

[2] (Emphases supplied.)

the grantor "unless and until a written demand for the transmittal is made."[3]

## Cases Interpreting OCGA § 44-14-3 (c)

In *Shree Annpurna, Inc. v. Udhwani*,[4] the grantor of a security deed and maker of a note wrote the grantee/payee three letters demanding that the grantee cancel the security deed due to the early payment in full of the note. The grantee did not, however, cancel the security deed until after receipt of the third letter, about three years after the note had been paid. The grantor later sued the grantee for liquidated, compensatory, and punitive damages and attorney fees. Because the grantor had not made a demand for liquidated damages in any of the three letters, we held that the grantee was entitled to summary judgment.

In contrast, in *Franklin Credit Mgmt. Corp. v. Friedenberg*,[5] the grantee of a security deed and payee of a note received payoff of the note along with a written demand from the grantor to have the security deed cancelled or be liable for $500 in liquidated damages and reasonable attorney fees under OCGA § 44-14-3 (c). Because the grantee failed to do so until after suing the grantor on the note four years after it had been satisfied, we held that the grantor was entitled to summary judgment on her counterclaim for liquidated damages and reasonable attorney fees under OCGA § 44-14-3 (c).

In *Heritage Creek Dev. Corp. v. Colonial Bank*,[6] the grantor of a security deed sued the grantee for, among other things, failing to timely release certain property from the security deed as required by OCGA § 44-14-3. We held that the grantor had waived this claim in certain loan modification documents it had signed after the claim arose but long before suit was filed. We also held that the grantor had failed to show its entitlement to other damages under OCGA § 44-14-3 (c) for loss caused by the grantee's violation of the statute.

## Other Demand or Notice Statutes and Cases

Under OCGA § 7-4-14, "a person who mistakenly gives money to another is entitled to a return of the money with interest from the day of demand."[7] The demand thus triggers the recipient's liability

---

[3] Ga. L. 1998, pp. 545, 546, § 1; see *Mitchell v. Oliver*, 254 Ga. 112, 114 (2) (327 SE2d 216) (1985).

[4] 255 Ga. App. 799 (567 SE2d 42) (2002).

[5] 275 Ga. App. 236, 237 (1) (a) (620 SE2d 463) (2005).

[6] 268 Ga. App. 369, 372 (2) (601 SE2d 842) (2004).

[7] *Harpagon Co. v. Freeman*, 281 Ga. 531, 532 (1) (640 SE2d 268) (2007).

for interest. Because the statute does not specify when the demand must be made, "a petition or complaint can serve as a demand for payment."[8]

The Fair Business Practices Act, in OCGA § 10-1-399 (b), provides that "[a]t least 30 days prior to the filing of" an action complaining of an unfair or deceptive business act or practice, the claimant must deliver to the prospective respondent a "written demand for relief." OCGA § 10-1-399 (b) further provides:

> Any person receiving such a demand for relief who, within 30 days of the delivering of the demand for relief, makes a written tender of settlement which is rejected by the claimant may, in any subsequent action, file the written tender and an affidavit concerning this rejection and thereby limit any recovery to the relief tendered if the court finds that the relief tendered was reasonable in relation to the injury actually suffered by the petitioner.

The obvious purpose of OCGA § 10-1-399 (b) is to reduce the need for litigation by giving the prospective respondent the opportunity to resolve the claim before suit is filed.

Similarly, OCGA § 8-2-38 (a) requires a homeowner who has a claim against a contractor for certain construction defects to serve a "written notice of claim" on the contractor "no later than 90 days before initiating an action" against the contractor. OCGA § 8-2-38 (b) then gives the contractor 30 days to file a written response to the claim either offering to settle the claim or proposing to inspect the subject property. OCGA § 8-2-38 (c) allows the claimant to bring an action against the contractor "[i]f the contractor wholly rejects the claim and will neither remedy the alleged construction defect nor settle the claim or does not respond to the claimant's notice of claim" in a timely manner.

OCGA § 36-33-5 prohibits anyone having a claim for money damages against any municipal corporation on account of injuries to person or property from bringing an action against the municipal corporation for such injuries without giving written notice within six months of event upon which the claim is predicated. An obvious purpose of this ante litem notice requirement is to give the city an opportunity to settle the claim before litigation is commenced.[9]

Before the holder of a note or other evidence of a matured indebtedness may impose on the maker or other party an obligation to pay attorney fees pursuant to a provision in the note or other

---

8  Id. at 532 (2).
9  See OCGA § 36-33-5 (b).

instrument, OCGA § 13-1-11 (a) (3) requires the holder or his attorney to notify the party sought to be held liable that he or she has "ten days from the receipt of such notice to pay the principal and interest without the attorney's fees." "So long as a debtor is informed that he has [ten] days from receipt of notice within which to pay principal and interest without incurring any liability for attorney fees the legislative intent behind enactment of [OCGA § 13-1-11 (a) (3)] has been fulfilled."[10] Consequently, inclusion of notice in the complaint is proper so long as the defendant is given ten days within which to pay and avoid the fees prior to the taking of any judgment therefor.[11]

Similarly, OCGA § 33-31-9 (c) obligates an insured to notify its insurer of any early payoff of the indebtedness covered by credit life insurance or credit accident and sickness insurance before the insurer becomes obligated to fulfill its statutory duty to refund any unearned portion of the premium. Because that statute does not purport to require notice prior to suit or within any particular time after loan payoff, we held in *J.M.I.C. Life Ins. Co. v. Toole*[12] that the insured may give the insurer the required notice simply by filing suit. The rule, as applied in *J.M.I.C.*, is that "filing suit satisfies a notice requirement where the statute does not require pre-suit notice."[13]

The UCC, in OCGA § 11-2-607 (3) (a), provides that a buyer who has accepted a tender of goods "must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy." We held in *Hudson v. Gaines*[14] that the purposes of this notice requirement are to prompt settlement negotiations and to give the seller an opportunity to cure a defect, investigate the claim, or otherwise reduce damages. Where law enforcement officials had confiscated vehicles as stolen property before suit was brought for breach of vehicular title warranties, service of the lawsuit was adequate notice of the claim.

## Summary and Conclusions

Upon failure of the grantee or holder of a secured instrument to comply with subsection (b) of OCGA § 44-14-3, subsection (c) authorizes the grantor to recover $500 as liquidated damages upon written demand unless the grantee demonstrates reasonable inability to

---

[10] *Gen. Elec. Credit Corp. &c. v. Brooks*, 242 Ga. 109, 118 (249 SE2d 596) (1978) (emphasis omitted).

[11] *Shier v. Price*, 152 Ga. App. 593, 595 (2) (263 SE2d 466) (1979) and cits.

[12] 280 Ga. App. 372, 374 (1) (b) (634 SE2d 123) (2006).

[13] Id.

[14] 199 Ga. App. 70, 72 (2) (403 SE2d 852) (1991).

comply. In addition, subsection (c) makes the grantee liable for "such additional sums for any loss caused to the grantor" (i.e., any additional actual damages) "plus reasonable attorney's fees," while providing that liability for such additional damages and attorney fees shall not attach "unless and until a written demand for the liquidated damages is made."

The Civil Practice Act (CPA) requires a complaint to contain "[a] demand for judgment for the relief to which the pleader deems himself entitled. . . ."[15] In an action for damages, the CPA thus requires a written demand for the damages requested in the complaint. Therefore, if we were to interpret OCGA § 44-14-3 (c) as permitting the demand to be made in the complaint, this Code section would have no real meaning because the CPA already imposes such a requirement. Allowing the demand or notice to be part of the complaint did not, however, create such a redundancy insofar as concerned OCGA § 7-4-14 (and cases such as *Harpagon Co.*) and OCGA § 33-31-9 (c) (and cases such as *J.M.I.C.*). The purpose of OCGA § 7-4-14 is to begin the accrual of interest from the date of the demand; it matters not when the demand is made. The purpose of OCGA § 33-31-9 (c) is to require the insured, who has knowledge of the event giving rise to liability (i.e., the early payoff of the indebtedness covered by credit life or other insurance) to give notice of the event to an insurer who lacks such knowledge. Again, given the purpose to be served by the demand requirement of OCGA § 7-4-14 and the notice requirement of OCGA § 33-31-9 (c), it does not matter whether the demand or notice is first provided in the complaint. In contrast, if OCGA § 44-14-3 (c) is to serve any real purpose, it must be construed as a requirement that the grantor make a written demand on the grantee for the liquidated damages as a condition precedent to creating the liability that serves as the basis for a lawsuit. Because no such demand was made here, we hold, consistent with *Shree Annpurna, Inc.*, that the trial court erred in denying SunTrust's motion to dismiss the complaint.

*Judgment reversed. Johnson, P. J., and Ellington, J., concur.*

## ON MOTION FOR RECONSIDERATION.

Hightower has filed a motion for reconsideration in this case, challenging our holding that an interpretation of OCGA § 44-14-3 (c) as permitting a demand for liquidated damages to be made in the complaint would render the statute meaningless. We based this holding on our conclusion that the CPA already imposes a requirement that in a civil action there be a demand in the complaint for the

---

[15]  OCGA § 9-11-8 (a) (2) (B).

damages sought. Hightower argues that the statute continues to have meaning even if we interpret it as permitting the demand to be made for the first time in the complaint, because a demand for liquidated damages is, of course, a liquidated demand and, under OCGA § 7-4-15, "[a]ll liquidated demands, . . . if payable on demand . . . bear interest from the time of the demand. . . ." Therefore, the liquidated damages would bear interest from the time of an ante litem demand if there is one or from the time the complaint is filed if no demand is made earlier.

We find no merit in Hightower's argument, because OCGA § 44-14-3 (c)'s purpose, unlike that of OCGA §§ 7-4-14 and 7-4-15, is not to establish the time when interest on a demand begins to run. Rather, the running of interest from the date of the demand is simply the ancillary effect of OCGA § 44-14-3 (c) by reason of operation of OCGA § 7-4-15. The purpose of OCGA § 44-14-3 (c), as we perceive it, is twofold. First, it makes clear that the grantor of a secured instrument has the opportunity to obtain liquidated damages from the noncompliant grantee, expeditiously and by incurring little if any attorney fees, by simply making a written demand rather than by filing suit. Second, OCGA § 44-14-3 (c) gives the grantee the opportunity to pay the liquidated damages without becoming embroiled in litigation. Therefore, as recognized in *Shree Annpurna*,[16] the demand cannot be made for the first time in the complaint.

For these reasons, Hightower's motion for reconsideration is denied.

*Motion for reconsideration denied.*

DECIDED MARCH 7, 2008 —
RECONSIDERATION DENIED APRIL 11, 2008 ▮

*Buchanan & Land, Jerry A. Buchanan, William H. Major III,* for appellant.

*Daughtery, Crawford, Fuller & Brown, Jason L. Crawford, James C. Fuller, Dustin T. Brown, Berry, Shelnutt, Day & Hoffman, John M. Shelnutt,* for appellee.

*Miller, Hamilton, Snider & Odom, James R. Schulz,* amicus curiae.

---

[16] Supra.