[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12145
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-05257-LMM

DESIREE FELICIA SAPP,

Plaintiff - Appellant,

versus

NATIONSTAR MORTGAGE LLC,
d.b.a. Mr. Cooper,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 9, 2019)

Before WILLIAM PRYOR, GRANT, and HULL, Circuit Judges.

PER CURIAM:

Desiree Sapp appeals the district court's dismissal of her pro se complaint against Nationstar Mortgage, LLC for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). After reviewing the record and the parties' briefs, we affirm.

I.

On December 19, 2017, Sapp filed a "complaint of wrongful foreclosure" against Nationstar in the Northern District of Georgia, primarily attacking the assignment of her security deed from First Horizon Home Loans to Nationstar. She also filed a motion to proceed without prepayment of fees or costs, pursuant to 28 U.S.C. § 1915(a). The magistrate judge granted her § 1915 motion but directed her to file an amended complaint stating a plausible claim for relief in compliance with the Federal Rules of Civil Procedure. The magistrate judge pointed out several deficiencies in her complaint, including that she lacked standing to challenge the assignment of her security deed, and that her claim under the Real Estate Settlement Procedures Act (RESPA) regarding Nationstar's notice of the assignment was time-barred. The magistrate judge warned Sapp that the failure to file an amended complaint addressing the noted deficiencies and setting forth sufficient factual allegations to state a plausible claim for relief would result in a recommendation to dismiss the action pursuant to 28 U.S.C. § 1915(e)(2)(B).

Sapp filed an amended complaint, reiterating the claims in her initial complaint and making various arguments in response to the magistrate judge's

2

order.  The magistrate judge issued a report finding that Sapp's amended complaint suffered from the same deficiencies as her initial complaint and recommending that her amended complaint be dismissed for failure to state a claim.  In a separate order filed the same day, the magistrate judge notified Sapp that she had 14 days to file written objections to the report and recommendation, and that if she did not file objections, the district court could adopt the report as its opinion and order.  The magistrate judge's order further warned Sapp that this Court would deem waived on appeal any challenge to factual and legal conclusions to which she failed to object, subject only to plain-error review if necessary in the interests of justice.

Sapp filed a premature notice of appeal "from the final judgment," but did not otherwise object to the magistrate judge's report and recommendation.  The district court adopted the magistrate judge's report as its opinion and dismissed Sapp's complaint.  This appeal followed.

## II.

On appeal, Sapp argues that (1) the assignment of her security deed to Nationstar was invalid under Georgia law; (2) Nationstar failed to provide proper notice of the assignment and transfer of her mortgage loan servicing as required by RESPA and Georgia law; (3) Nationstar violated RESPA's loss-mitigation regulations by failing to properly evaluate her application for loss mitigation and failing to offer her reasonable payment options; and (4) Nationstar violated

3

Georgia law by accelerating her mortgage when she failed to make her loan payments.[1]  Because Sapp failed to object to the magistrate judge's report and recommendation, our review is discretionary and is for plain error only.  *See* 11th Cir. R. 3-1; *Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1257 (11th Cir. 2017).

### III.

### A.

Sapp claims that the assignment of her security deed to Nationstar was invalid because it did not contain information and signatures required by Georgia law.  But the "assignment of a security deed is a contract between the deed holder," here, First Horizon Home Loans, "and the assignee," in this case, Nationstar. *Ames v. JP Morgan Chase Bank, N.A.*, 783 S.E.2d 614, 620 (Ga. 2016).  Sapp was not a party to the assignment.[2]  And under Georgia law, a debtor who is not a party to the assignment cannot challenge the assignment of the security deed. *Id.* Accordingly, the district court did not plainly err in dismissing this claim.

---

[1] For the first time on appeal, Sapp also alleges "judicial errors" in the state court foreclosure proceedings.  We decline to consider those claims because she did not raise them in the district court.  *See, e.g., Ramirez v. Sec'y, U.S. Dep't of Transp.*, 686 F.3d 1239, 1249 (11th Cir. 2012).

[2] Sapp appears to believe that because her name is mentioned in the assignment, she has standing to challenge it.  But it is clear on the face of the assignment, which Sapp filed as an exhibit to her complaint, that only First Horizon Home Loans (a division of First Tennessee Bank National Association), as assignor, and Nationstar, as assignee, are parties to the assignment contract. Sapp's name is mentioned only in the assignment's description of the security deed, which identifies Sapp as the executor of the deed.

B.

Sapp also contends that Nationstar provided inadequate notice of the assignment of the security deed and transfer of her mortgage loan because the notice did not inform her that her second mortgage had been paid off as part of the transfer.  She states that she received conflicting information about payment of the second mortgage from First Horizon Home Loans, which sent her zero-balance loan statements after the transfer but also filed an objection in her bankruptcy proceedings indicating that some loan balance remained.

RESPA requires mortgage lenders and mortgage loan servicers to provide specified information to borrowers related to the assignment or transfer of loan servicing.  12 U.S.C. § 2605; *see also* 12 C.F.R. § 1024.38 (requiring loan servicers to maintain policies and procedures reasonably designed to permit them to provide borrowers with information and documents associated with their mortgage loans).  But any lawsuit brought to enforce § 2605 must be brought within three years "from the date of the occurrence of the violation."  12 U.S.C. § 2614.

The notice that Sapp complains of (attached as Exhibit B to her complaint) was sent on August 25, 2011, more than six years before Sapp filed her complaint. Sapp argues that the district court should have counted from the date of the security deed assignment, which was not executed until June 4, 2014.  Even

5

assuming for the sake of argument that the alleged violation of RESPA's notice provisions occurred on the later date, however, the three-year statute of limitations had expired by the time Sapp filed her complaint in December 2017.

Sapp argues that Georgia law—which requires the holder of a security deed to provide notice and file a satisfaction of debt whenever "the indebtedness secured by any instrument is paid in full"—also required Nationstar to provide notice of the payment of her second mortgage. *See* O.C.G.A. § 44-14-3(b)(1)–(2). As we understand Sapp's complaint, however, her indebtedness was transferred from one mortgage loan servicer to another, not paid in full. And in any event, Georgia law also requires that, before filing suit to enforce that provision, the plaintiff must provide notice and a written demand for liquidated damages to the holder of the security deed. *Id.* § 44-14-3(c)(4). The written demand for liquidated damages is "a condition precedent to creating the liability that serves as the basis for a lawsuit" under the statute. *SunTrust Bank v. Hightower*, 660 S.E.2d 745, 749 (Ga. Ct. App. 2008). Because Sapp has not alleged that she served such a demand, the district court did not err in dismissing this claim.

## C.

Next, Sapp argues that Nationstar violated RESPA's loss mitigation regulations by applying inconsistent criteria to evaluate her loss mitigation applications and by demanding unreasonable payment terms in its loss mitigation

6

offers.  *See* 12 C.F.R. § 1024.41; *see also* 12 C.F.R. § 1024.38(b)(2) (objectives for loss mitigation policies and procedures).  But the regulations do not require the loan servicer to apply any particular evaluation criteria, nor do they prohibit the servicer from offering loss mitigation options even though it previously denied the borrower's loss mitigation application.  *See id.* § 1024.41(c); *see also id.* § 1024.38(b)(2)(v).  And nothing "in § 1024.41 imposes a duty on a servicer to provide any borrower with any specific loss mitigation option."  *Id.* § 1024.41(a).

## D.

Sapp argues that O.C.G.A. § 44-14-5 barred the acceleration of her mortgage loan when she failed to make her loan payments.  That statute prohibits the acceleration of an indebtedness secured by real estate "on account of the sale or transfer of the real estate or on account of the assumption of the indebtedness," with some exceptions not relevant here.  O.C.G.A. § 44-14-5(b)(1).  Because Sapp did not allege that Nationstar's acceleration of her mortgage was triggered by the sale or transfer of her home, or that anyone had assumed her mortgage debt, the district court correctly determined that she failed to state a claim under the statute.

## IV.

We find no error in the district court's dismissal of Sapp's complaint for failure to state a claim.  Accordingly, we affirm.

**AFFIRMED.**

7